■ ARDIS MCDONALD et al., Respondents, v MILLIE GRASSO, Respondent, and BEND OF THE RIVER GOLF CLUB, INC., et al., Appellants. [632 NYS2d 240] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 27, 1994 in Schenectady County, which, *inter alia*, denied motions by defendants Bend of the River Golf Club, Inc. and Satch Sales,

Inc. for summary judgment dismissing the complaint against them.

Plaintiffs commenced this action to recover damages for injuries sustained when plaintiff Ardis McDonald (hereinafter plaintiff) was struck by a golf cart, which was owned by defendant Satch Sales, Inc. and leased to defendant Bend of the River Golf Club, Inc. (hereinafter collectively referred to as corporate defendants). The accident occurred while plaintiff was standing behind the golf cart in which she had been riding. A second cart, driven by defendant Millie Grasso, stopped about three feet behind the first cart, on an incline. According to Grasso, she brought the cart she was driving to a complete stop, pushed on the pedals to set the hill brake and got off the cart, which remained stationary for approximately 20 seconds but then suddenly rolled forward and pinned plaintiff's legs between the two carts. Plaintiffs contend that Grasso is responsible for the accident in whole or in part due to her negligence in failing to properly set the hill brake. The claims against the corporate defendants are based upon the alleged failure of the hill brake to keep the cart from rolling on the incline.

The corporate defendants moved for summary judgment, claiming that there was no defect in the golf cart. In support of their motions, the corporate defendants relied upon the examination before trial of an employee of the golf club, who testified that shortly after the accident he tested the brake system of the cart driven by Grasso and found that both the regular brake and the hill brake worked. He stopped the cart on an incline which was steeper than the site of the accident and the hill brake prevented the cart from moving. Satch Sales presented the affidavit of its product safety manager, a mechanical engineer, who explained that the mechanical hill brake system could not fail temporarily; the system either functioned properly when used or it did not work at all until it was repaired. The corporate defendants also pointed to evidence in the record that Grasso did not use the proper procedure to set the hill brake. Supreme Court denied the corporate defendants' motions, giving rise to this appeal.

We are of the view that the corporate defendants met their burden as the parties seeking summary judgment by submitting evidentiary proof in admissible form to demonstrate that plaintiff's injuries were not caused by a defect in the brake system of the golf cart. The burden, therefore, shifted to plaintiffs and Grasso to demonstrate the existence of triable issues of fact or to present a reasonable excuse for their failure to do so (*see, Zuckerman v City of New York*, 49 NY2d 557,

562). Plaintiffs and Grasso contend that if the hill brake was properly set, the cart must have been defective because it did not perform as intended. We agree with the logic, but find insufficient evidence to raise a question of fact as to whether the hill brake was properly set. Grasso's testimony is equivocal at best. In fact, a fair reading of her testimony establishes that she attempted to set the hill brake by stepping on both the hill brake pedal and the brake pedal, which is not the proper procedure because the brake pedal activates the hill brake release mechanism.

Plaintiffs and Grasso also rely on evidence in the record that the cart remained stationary for a period of time after Grasso got out of the cart. They claim that because the cart was on an incline it would have kept rolling and would not have remained stationary if the hill brake had not been set. In the absence of evidence concerning the grade and surface of the site where the cart stopped and expert evidence concerning the forces involved, the conclusion drawn by plaintiffs and Grasso is pure speculation. We conclude, therefore, that no question of fact has been raised regarding the existence of a defect in the braking system of the golf cart. Accordingly, the corporate defendants are entitled to summary judgment.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions by defendants Bend of the River Golf Club, Inc. and Satch Sales, Inc. granted, summary judgment awarded to said defendants and complaint dismissed against them.

