■ JOSEPH ROSA, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. [640 NYS2d 548] —Judgment, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered December 20, 1994, which, upon the grant of defendants' motions at the close of plaintiff's case, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff failed to prove a prima facie case with respect to the claimed defects in the van he was driving when his accident took place. While, in an action of this kind, the existence of a defect may be inferred from proof that the product did not perform as intended, the inference did not arise here in light of plaintiff's failure to exclude all other causes of the accident not attributable to defendants (see, Halloran v Virginia Chems., 41 NY2d 386, 388). It was therefore incumbent upon plaintiff to prove the existence of the specific defect set forth consistently in his series of bills of particulars. This he failed to do. The expert's opinion, that the van's ball joint failed as a result of premature wear caused by the misalignment of the vehicle's front suspension, was impermissibly speculative since it was not based upon facts in the record, fairly inferable therefrom, or personally known to the witness (see, Gomez v New York City Hous. Auth., 217 AD2d 110, 117; Stringile v Rothman, 142 AD2d 637, 639). Although the expert witness concluded that plaintiff's 1984 accident was caused by the same conditions as had warranted the 1981 replacement of the vehicle's original ball joints, the testimony with regard to the replacement did not come from the individual who had repaired the van at that time, and this witness admitted he did not know the reason for the replacement. Moreover, there was evidence that any number of factors may cause premature wear, and the expert never examined the wheel alignment or either set of ball joints in question. Furthermore, there was no testimony that the ball joints that had been installed were manufactured or were assembled by defendant General Motors

Corporation. In view of the failure to prove the existence of the claimed defect, the dismissal was also appropriate with respect to defendant auto repair shops, since plaintiff failed to prove that their alleged failure to inspect was a cause of the accident. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.