■ WILMER SANDERS, Respondent, et al., Plaintiff, v OTIS ELEVATOR COMPANY, Appellant. (And a Third-Party Action.) [649 NYS2d 19] —Judgment, Supreme Court, New York County (Joseph Teresi, J.), entered July 13, 1995, after a jury trial, awarding plaintiff the principal sum of $456,338, and bringing up for review an order of the same court and Justice entered on or about July 14, 1995, which denied defendant's motion to set aside the jury verdict, unanimously affirmed, with costs. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Defendant's failure to present testimony of an expert witness, after giving notice of his identity and the subject matter

of his proposed testimony, showing his familiarity with the cause of the elevator accident, warranted a missing witness charge (*see, Camillo v Geer*, 185 AD2d 192, 196).

Plaintiffs' expert witness was properly permitted to testify as to the adequacy of defendant's maintenance of the subject elevator, since the expert testimony "help[ed] to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307). This test applies to expert testimony "regarding both the ultimate questions and those of lesser significance" (*People v Cronin*, 60 NY2d 430, 432).

Defendant's claims concerning comments made by plaintiffs' counsel on summation were not preserved for appellate review by timely objections, and we decline to consider them on this appeal. The jury's award of $270,000 for past and future pain and suffering does not deviate materially from what is reasonable compensation for plaintiff-respondent's injuries (CPLR 5501 [c]). Defendant's remaining contentions are without merit. Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.