■ BRIAN DUBECKY et al., Respondents-Appellants, v S2 YACHTS, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, and TEAM MARINE, LTD., Doing Business as ROWLAND BOATS AND MOTORS, Appellant-Respondent. CORRS BEST BOATWORKS, INC., Third-Party Defendant-Respondent; MARVIN GREENWALD, Third-Party Defendant-Respondent-Appellant. [651 NYS2d 602] —In an action to recover damages for personal injuries and property damage, (1) the defendants S2 Yachts, Inc., and Team Marine, Ltd., appeal, as limited by their briefs, from stated portions of an order of the Supreme Court, Nassau County (McCabe, J.), dated November 16, 1995, which, *inter alia,* denied those branches of their respective motions which were for summary judgment, *inter alia,* dismissing the complaint insofar as asserted against each of them, or, in the alternative, to strike the plaintiffs' demands for punitive damages, and granted the cross motion of the defendant third-party defendant Corrs Best Boatworks, Inc., for summary judgment, *inter alia,* dismissing the amended complaint and third-party complaint insofar as they were asserted against it, and (2) the plaintiffs and the third-party defendant Marvin Greenwald cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted the cross motion of Corrs Best Boatworks, Inc., for summary judgment.

Ordered that the cross appeal by Marvin Greenwald is dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof which denied those branches of the motions of the defendants-appellants S2 Yachts, Inc., and Team Marine, Ltd., which were to strike the demands for punitive damages, and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that Corrs Best Boatworks, Inc., is awarded one bill of costs payable by the defendants-appellants S2 Yachts, Inc., and Team Marine, Ltd.

The plaintiffs Brian Dubecky, Anthony Nastasi, and Raymond Perez suffered physical injury and loss of property when the fishing boat on which they were aboard capsized and sank during a shark-fishing tournament. The alleged cause of the capsizing and sinking of the vessel was the defective design of a cut-out transom and motor well at the stern of the boat which allowed water to accumulate in the boat. The boat was never recovered. The plaintiffs' claim was supported by the affidavit of an expert who examined the particular model of the boat involved in the accident, and, after trial runs, determined that the boat contained a design defect which permitted water to enter the cockpit of the boat from the stern at a rate faster than the boat could expel the same water. That evidence was corroborated by the deposition testimony of Dubecky, Nastasi, and Perez that the boat capsized after waves poured over the stern.

Contrary to the defendants-appellants' argument, the plaintiffs were not required to "negate all other possible reasonable causes of the accident such as operator error, improper maintenance and faulty repair work". Where there is no proof of a specific defect in a product, a plaintiff may rely on circumstantial evidence that the product did not function as intended to prove a defect. In that case, "if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect" (*Winckel v Atlantic Rentals & Sales*, 159 AD2d 124, 127). Here, the plaintiffs have presented direct evidence of a design defect, corroborated by their deposition testimony as to how the accident occurred. Other contributing causes might be a basis for contribution or a finding of comparative negligence, but would not relieve the defendants-appellants of all liability if the design defect is found to be a proximate cause of the accident.

However, the plaintiffs' demands for punitive damages must be stricken, since there is no evidence in the record of willful or wanton conduct which demonstrates a " 'conscious disregard of the rights of others or conduct so reckless as to amount to such disregard' " (*Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196, 203-204, quoting *Welch v Mr. Christmas*, 57 NY2d 143, 150). In support of their claims for punitive damages, the plaintiffs submitted a letter from the defendant S2 Yachts, Inc., offering a free modification of the center fish storage compartment of the boat model involved in the accident, purportedly to "decrease the rate at which water would enter the bilge". The plaintiffs contend that this letter demonstrates

knowledge of the alleged design defect, and a wanton failure to recall all boats of that model from use. However, the alleged design defect did not involve the bilge area, nor does the letter demonstrate that the defendants-appellants knew of the alleged design defect.

Although the subject vessel underwent numerous repairs over one year prior to the instant accident, *none* of these repairs concerned the specific defect in question, nor is there any evidence of a defect in the repairs, or that the repairs contributed to the accident (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 532; *Robinson v Reed-Prentice Div.*, 49 NY2d 471, 479). Thus, the cross motion of the defendant Corrs Best Boatworks, Inc., for summary judgment dismissing the amended complaint and third-party complaint insofar as they are asserted against it and all cross claims against it, was properly granted.

The defendants-appellants' remaining contentions are without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.