■ SHEILAGH L. BROWN, Appellant, v MICHAEL BORRUSO et al., Defendants, and GENERAL MOTORS CORP. et al., Respondents. [660 NYS2d 780] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced an action against, *inter alia,* General Motors Corp. (General Motors) and Takata Corp. (Takata) (defendants), seeking damages for personal injuries she sustained in an automobile accident. Plaintiff testified at an examination before trial that she was wearing her seat belt prior to the accident, but she did not have to remove her seat belt to exit the vehicle after the accident. She alleged that she sustained a head injury when her head hit the windshield. She further alleged that the seat belt locking mechanism in the 1988 Pontiac LeMans she was driving had been the subject of a recall and that her injuries were the result of a defective seat belt locking mechanism.

The parties consented to the destructive testing of the seat belt locking mechanism, which was conducted by an engineering expert of Takata, in the presence of plaintiff's counsel and expert and representatives of defendants. When the seat belt locking mechanism was disassembled, the defect that was the subject of the recall was not present. Defendants moved for summary judgment, submitting the affidavit of a General Motors senior analysis engineer and the affidavit of the Takata engineer who performed the testing. Both experts opined that

the testing revealed that the defect that was the subject of the recall was not present in the seat belt worn by plaintiff.

In opposition to the motion, plaintiff submitted her own affidavit, her deposition testimony, the police report and the recall notice. Supreme Court granted the motion, concluding that defendants had submitted proof in admissible form establishing that the seat belt locking mechanism was not defective and that plaintiff had failed to raise an issue of fact.

To make out a prima facie case of strict products liability based upon a manufacturing defect, plaintiff may rely upon the circumstances of the accident and proof that the product did not perform as intended (see, Landahl v Chrysler Corp., 144 AD2d 926, 927; Fox v Corning Glass Works, 81 AD2d 826). In our view, the allegations of plaintiff that the seat belt was fastened while she was driving, that it was not fastened after the accident, and that she sustained a head injury, are sufficient to make out a prima facie case of a defect in the seat belt locking mechanism.

A defendant moving for summary judgment to dismiss a strict products liability cause of action must submit proof in admissible form establishing that plaintiff's injuries were not caused by a manufacturing defect in the product (see, Porter v Uniroyal Goodrich Tire Co., 224 AD2d 674; McDonald v Grasso, 220 AD2d 867, 868; Narciso v Ford Motor Co., 137 AD2d 508, 509). Defendants met that burden by submitting evidence demonstrating that a destructive testing procedure witnessed by representatives of all parties failed to reveal the defect in the seat belt locking mechanism that allegedly caused plaintiff's injuries. The burden then shifted to plaintiff to demonstrate the existence of a triable issue of fact whether a defect existed in the locking mechanism (see, Porter v Uniroyal Goodrich Tire Co., supra; McDonald v Grasso, supra). To meet that burden, plaintiff cannot rely solely upon the occurrence of the accident, but must submit some direct evidence that a defect existed (see, Dubecky v S2 Yachts, 234 AD2d 501; cf., Putnick v H.M.C. Assocs., 137 AD2d 179, 183-184). Plaintiff failed to meet that burden, despite the presence of her expert at the testing and her retention of the seat belt locking mechanism following the testing. Thus, defendants' motion for summary judgment was properly granted.

Our decision in Fili v Matson Motors (183 AD2d 324) does not compel a different result. In Fili, plaintiffs did not rely solely upon the occurrence of the accident to resist summary judgment, but submitted evidence that the prior owner of the vehicle had experienced problems with the torque converter

and the transmission. That evidence was sufficient to raise an issue of fact that a defect existed despite the failure of pretrial testing to reveal a defect. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.