■ ELVIRA D'ELIA et al., Respondents, v MARTIN A. GLEASON, INC., FUNERAL HOMES, Defendant and Third-Party Plaintiff-Respondent, and SOUTH BROOKLYN CASKET COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. SERVICE CORPORATION INTERNATIONAL, Third-Party Defendant-Appellant. [674 NYS2d 383] —In an action, inter alia, to recover damages for personal injuries, etc., based on products liability, (1) the defendant South Brooklyn Casket Company, Inc., appeals from so much of an order of the Supreme Court, Queens County (Posner, J.), dated August 13, 1997, as denied that branch of its motion which was for summary judgment dismissing the products liability cause of action, and granted that branch of the motion of the defendant Martin A. Gleason, Inc., Funeral Homes which was to dismiss its cross claim, and (2) the third-party and second third-party defendant Service Corporation International separately appeals from so much of the same order as denied its cross motion to dismiss the third-party and second third-party actions seeking indemnification and contribution relating to the products liability cause of action, and granted that branch of the motion of the defendant Martin A. Gleason, Inc., Funeral Homes which was to dismiss the counterclaim of Service Corporation International insofar as asserted against Martin A. Gleason, Inc., Funeral Homes.

Ordered that the order is modified, on the law, by deleting therefrom the provisions denying the aforementioned branch of the motion of South Brooklyn Casket Company, Inc., and the cross motion of Service Corporation International, and substituting therefor provisions granting the aforementioned branch of the motion and the cross motion and dismissing the products liability cause of action and the third-party and second third-party actions seeking indemnification and contri-

bution relating to the products liability cause of action; as so modified, the order is affirmed, with one bill of costs to the appellants payable by the respondents appearing separately and filing separate briefs.

To make out a prima facie case sounding in products liability, the plaintiffs must show that the defect in the subject damaged casket existed at the time it left the defendant manufacturer Service Corporation International or the third-party defendant distributor South Brooklyn Casket Company, Inc. (hereinafter the appellants) (*see, Rosado v Proctor & Schwartz,* 66 NY2d 21, 25; *Tardella v RJR Nabisco,* 178 AD2d 737). A defective condition may be inferred from proof that the product did not perform as intended, provided that the plaintiffs exclude all causes of the defect not attributable to the appellants (*see, Halloran v Virginia Chems.,* 41 NY2d 386, 388; *Rosa v General Motors Corp.,* 226 AD2d 213). However, the appellants' evidence demonstrated that the casket was not defective when sold, and that the defect was caused by damage sustained when it was placed in the crypt. The plaintiffs' evidence merely consisted of observations of the damaged casket, which did not contradict the movants' evidence. The plaintiffs did not offer any evidence of a particular defect which existed at the time of manufacture or distribution (*see, Rosa v General Motors Corp., supra*). Thus, the appellants are entitled to summary judgment dismissing the claims relating to products liability (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Tardella v RJR Nabisco, supra*).

The remaining contentions regarding the dismissal of the cross claim and counterclaim against Martin A. Gleason, Inc., Funeral Homes are academic in light of the dismissal of the products liability-related claims against the appellants here. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.