■ VIVIANA REYES et al., Appellants, v KIMBALL, DIVISION OF KIMBALL INTERNATIONAL MARKETING, et al., Respondents. (And a Third-Party Action.) [701 NYS2d 433] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered January 20, 1999, dismissing the complaint and bringing up for review an order, same court and Justice, entered on or about April 10, 1998, which, in a products liability action, granted the motion by defendant manufacturers, at the close of plaintiffs' evidence, to dismiss the complaint for failure to make out a prima facie case, unanimously affirmed, without costs. Appeal from order, entered on or about April 10, 1998, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

The complaint was properly dismissed at the close of plaintiffs' evidence since that evidence would not have permitted the jury to conclude rationally that the chair from which plaintiff fell suffered from a design defect at the time defendant manufacturers placed it in the stream of commerce (*see, D'Elia v Martin A. Gleason, Inc., Funeral Homes*, 250 AD2d

803) or, for that matter, at the time of the accident. There was no evidence that the subject chair ever manifested the defects alleged by plaintiffs. We note particularly the absence of testimony as to whether the screws referred to by plaintiffs' expert were missing from the chair at the time of the accident. Indeed, the testimony of plaintiffs' expert as to the cause of the accident was speculative and without support in the record, and, as such, insufficient to support a finding that the purported defects had been a "substantial factor" in causing plaintiff's injury (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102; *Rodriguez v Davis Equip. Corp.*, 235 AD2d 222). Concur—Sullivan, J. P., Williams, Mazzarelli, Wallach and Lerner, JJ.