PHOEBE J. MASON, as Executor of ELIZABETH M. MASON, Deceased, Respondent, v BLACK & DECKER (U.S.), INC., Appellant, et al., Defendants. [710 NYS2d 694] —Mercure, J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered December 24, 1998 in Tompkins County, upon a verdict rendered in favor of plaintiff.

A June 17, 1994 fire damaged a single-family residence owned by Elizabeth M. Mason and leased from her by defendants William G. Shepard and Adrienne C. Shepard. It was apparent from the outset that the fire originated in the vicinity of a kitchen counter and investigation focused first on an electric coffee maker and then on a toaster oven manufactured by defendant Black & Decker (U.S.), Inc. (hereinafter defendant) as the cause. Ultimately, plaintiff, as Mason's executor, commenced this action against the Shepards and defendant to recover for the damage to the property, asserting causes of action sounding in negligence, strict products liability and breach of warranty, all founded upon the premise that the toaster oven malfunctioned and generated the fire due to its defective design and manufacture. The matter proceeded to trial and a jury rendered a verdict finding the Shepards 57% and defendant 43% responsible for plaintiff's stipulated damages. Defen-

---

dant appeals, primarily asserting that there is insufficient evidence to support the verdict against it and that Supreme Court erred in refusing to give a missing witness charge with regard to Arthur Bronstein, an electronics expert who examined the electric coffee maker, toaster oven and other small appliances that had been removed from the kitchen counter and issued a written report of his findings and conclusions, but was not called as a witness at trial. We conclude that defendant's arguments are unavailing and accordingly affirm Supreme Court's judgment.

Initially, "[a] party is entitled to a missing witness charge when an uncalled witness possessing information on a material issue would be expected to provide noncumulative testimony in favor of the opposing party and is under the control of and available to that party" (*Jackson v County of Sullivan*, 232 AD2d 954, 955; *see*, *Leahy v Allen*, 221 AD2d 88, 92). Although "control" is construed broadly and "includes a witness under the party's influence or one whom it may be naturally inferred is of good will to the party" (*Kupfer v Dalton*, 169 AD2d 819, 820), we are not persuaded that defendant made an adequate showing that Bronstein was under plaintiff's control in this case. Notably, the record establishes that Bronstein was engaged not by plaintiff but by the Shepards' insurance carrier. Under the circumstances, the mere fact that plaintiff included Bronstein on her initial CPLR 3101 (d) (1) statement of expert witnesses did not establish that she had any control over him (*but see*, *Sanders v Otis El. Co.*, 232 AD2d 327, *lv denied* 89 NY2d 813). In any event, a supplemental statement served in April 1998 identified plaintiff's expert witnesses as Vincent Hueber and Alton Lewis; that statement was further supplemented in September 1998 to provide additional details concerning those experts' anticipated testimony. Neither of the supplemental statements made any reference to Bronstein, lending credence to plaintiff's explanation that Hueber was substituted for Bronstein as plaintiff's electronics expert long before trial.

Further, applying the test of whether "there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499), we reject the contention that the verdict against defendant was not supported by sufficient evidence. First, we are unpersuaded by the argument that Hueber's testimony was based upon impermissible inferences. Hueber, an electrical engineer, based his testimony upon

his examination of the toaster oven and an undamaged sample toaster oven. He opined that the subject unit was stuck in the "on" position, thus causing the intermittent solenoid coil to overheat and thereby cause the fire. According to Hueber, the toaster oven should have contained a continuous duty solenoid coil and could have been designed to include a thermal fuse, which automatically stops the flow of electricity when it reaches a certain temperature. Thus, if credited, Hueber's testimony established that the design of the toaster oven was not safe and that an alternative, safer design was feasible (*see, Voss v Black & Decker Mfg. Co.*, 59 NY2d 102; *Garrison v Clark Mun. Equip.*, 241 AD2d 872, 873).

We reject the contention that Hueber's opinion was speculative and based upon impermissible inferences (*see, e.g., Broder v MacNeil*, 232 AD2d 163, *lv denied* 88 NY2d 816; *Tucker v Elimelech*, 184 AD2d 636). To the contrary, his examination of the unit provided him with first-hand knowledge and a sufficient foundation for the opinion rendered (*see, McKeon v Sears, Roebuck & Co.*, 242 AD2d 503, 504). Although abundant trial evidence controverted Hueber's conclusion that the toaster oven was in the "on" position, the jury was empowered to and obviously did resolve the resulting conflict in favor of plaintiff (*see, Jocoy v Blue Cross Blue Shield*, 260 AD2d 777, 780, *lv denied* 93 NY2d 812; *Carpenter v Albee*, 192 AD2d 1004, 1005).

Next, because defendant failed to raise an appropriate objection at trial, its argument that the testimony of Lyle Neigh and Lewis impermissibly relied upon Bronstein's opinion is unpreserved for our review (*see, Osborne v Schoenborn*, 216 AD2d 810, 811). Were we to address the issue, the argument would in any event fail. In our view, the testimony of each of those witnesses sets forth an independent factual basis to support the opinion rendered. Neigh testified that his 40 years of experience in machine design and circuitry, coupled with his own observations at the time of Bronstein's examination, led him to determine that the toaster oven was the cause of the fire. Moreover, Neigh testified as to William Shepard's acknowledgment that wicker coasters were stored on top of the unit (albeit denied by Shepard at trial) and that the toaster oven was broken in such a way that it would toast only as long as the user actually held down the lever. Likewise, based upon his review of the physical evidence (i.e., burn patterns, charring, damage etc.), Lewis reached the conclusion that the toaster oven was the cause of the fire. We therefore conclude that Neigh and Lewis each had a sufficient independent basis for the opinion that the fire was caused by the toaster oven (*see,*

*McKeon v Sears, Roebuck & Co., supra,* at 504; *cf., Cassano v Hagstrom,* 5 NY2d 643). Last, and contrary to defendant's assertion, Lewis and Hueber testified extensively as to how they ruled out the coffee maker as the cause of the fire.

In view of the foregoing, we conclude that plaintiff advanced sufficient evidence demonstrating that the toaster oven was defectively designed and that such defect caused the fire (*see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, *supra*). Notwithstanding inconsistencies in the evidence and the existence of credible evidence supporting a contrary conclusion, the jury's interpretation of the evidence should not be disturbed (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499, *supra; Jocoy v Blue Cross Blue Shield,* 260 AD2d 777, 780, *supra; Jaquay v Avery,* 244 AD2d 730). Defendant's remaining contentions have been considered and found to be also unavailing.·

Cardona, P. J., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.