■ SANDRA DILLON, Appellant-Respondent, v TOYOTA COMPANY et al., Respondents, and OMID WHOLESALERS, Respondent-Appellant. [710 NYS2d 629] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated May 6, 1999, as granted the separate motions of the defendants ADT Automotive, Inc., s/h/a Skyline Auto Exchange, and Sears, Roebuck & Company for summary judgment dismissing the complaint insofar as asserted against them, and granted those branches of the motion of the defendant Omid Wholesalers which were for summary judgment dismissing the causes of action asserted against it based on negligence and breach of warranty, and the defendant Omid Wholesalers cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action asserted against it based on strict products liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Omid Wholesalers which was for summary judgment dismissing the cause of action based on strict products liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed with one bill of costs to the defendants Sears, Roebuck & Company, Skyline Auto Exchange, and Omid Wholesalers, payable by the plaintiff.

The plaintiff accompanied an automobile dealer to an auction managed by the defendant Skyline Auto Exchange. The plaintiff selected a vehicle, and the dealer then purchased it from the defendant Omid Wholesalers (hereinafter Omid), a wholesaler dealer in used automobiles. The automobile purchased at the auction soon manifested a problem which caused it to stall. After numerous attempts to remedy this problem, the vehicle stalled once again, then rolled down a hill, and struck a highway exit sign and a tree. In this ensuing ac-

tion to recover damages, the plaintiff asserted various claims against the two defendants noted above, as well as against Sears, Roebuck & Company, which had installed a battery in the vehicle two days before the accident.

The plaintiff's contentions are without merit, for reasons stated in the decision of the Supreme Court. We agree with the argument advanced by the defendant Omid that the cause of action asserted against it based on strict products liability should have been dismissed. The plaintiff produced no evidence of a defect in the vehicle in question, and failed to refute the assertions contained in an expert affidavit to the effect that the car could have stalled for a variety of reasons (*see, Dubecky v S2 Yachts,* 234 AD2d 501; *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124; *Harrison v Cairns Pontiac,* 77 Md App 41, 549 A2d 385). Bracken, J. P., Joy, Friedmann and Schmidt, JJ., concur.