■ LAUREN D. RACHLIN et al., Appellants-Respondents, v VOLVO CARS OF NORTH AMERICA, INC., et al., Respondents- Appellants. (Appeal No. 2.) [734 NYS2d 798] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted defendants' motion seeking summary judgment dismissing the amended complaint but erred in *sua sponte* directing defendants to pay plaintiffs damages in the amount of $1,900 for "the difference between the 1994 damage estimate and 1996 damage estimate or excessive wear & tear." Because plaintiffs never requested that relief, we modify the order by vacating the last ordering paragraph.

Plaintiffs entered into a two-year lease agreement with defendant Jim Culligan, Inc., d/b/a Auto Place (Auto Place), for the lease of a 1994 Volvo 964. Plaintiffs allege that the brakes failed a few days after they entered into the lease agreement. Jean K. Rachlin (plaintiff) testified at her deposition that, while traveling on Interstate 290, she disengaged the cruise control approximately one mile before the exit ramp to Colvin Boulevard in Buffalo and then exited the highway at Colvin Boulevard. When she applied the brakes to stop the vehicle as

she approached the end of the exit ramp, "the car did not respond at that time" and struck a pickup truck stopped at the signal light. Plaintiff did not detect any smoke or odors, and no indicator lights were illuminated on the dashboard.

Plaintiffs returned the vehicle to Auto Place, which determined that there was nothing wrong with the brake system and advised plaintiffs that they would have to deal directly with defendant Volvo Cars of North America, Inc. (Volvo). Volvo inspected the vehicle and found *"nothing improper* with the mechanics of [the] vehicle whatsoever."

We conclude that defendants met their initial burden on the motion by establishing as a matter of law that the vehicle was not defective (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). In support of their motion, defendants submitted the affidavit of the regional service manager stating that, during the week prior to plaintiffs' accident, the vehicle underwent a 4- to 5-hour test-drive session with no brake failure. He further stated that there were no recorded fault codes on the braking system either before or since the accident and that he was unable to duplicate the brake failure when he tested the vehicle after the accident. He further stated that the present owner of the vehicle has driven the vehicle 24,000 miles without incident. A field technical specialist stated in an affidavit that his inspection of the brake and cruise control systems revealed that all "key components and measurements were normal" and that there is "no evidence to support a product defect."

We conclude that defendants thereby established that no defect in the cruise control system or the braking system was responsible for the failure of the vehicle to stop. The burden then shifted to plaintiffs to demonstrate a triable issue of fact whether a defect existed in either of those systems (*see, Brown v Borruso,* 238 AD2d 884, 885). Plaintiffs " 'cannot rely solely upon the occurrence of the accident, but must submit some direct evidence that a defect existed' " (*Brown v Borruso, supra,* at 885; *cf.; Fili v Matson Motors,* 183 AD2d 324, 328), and they failed to do so here. Plaintiffs' expert stated in an affidavit that, although both the brake and cruise control systems operated properly during his inspection, "possible air in the braking systems or an intermittent electrical or electronic fault in either the braking or cruise control systems could have compromised the ability of this vehicle to be operated safely." It is well established that "mere conclusions * * * or unsubstantiated * * * assertions are insufficient" to defeat a motion seeking summary judgment (*Zuckerman v City of New York,*

*supra,* at 562). (Appeals from Order of Supreme Court, Erie County, NeMoyer, J.—Summary Judgment.) Present—Wisner, J. P., Hurlbutt, Kehoe and Burns, JJ.