■ ELIJAH SPELLER et al., Respondents, v SEARS, ROEBUCK AND Co. et al., Appellants, et al., Defendants. [742 NYS2d 96] —In an action to recover damages for wrongful death, etc., the defendants Sears, Roebuck and Co. and Whirlpool Corporation appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 29, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

This action arises out of a fire which occurred in the kitchen of the plaintiffs' home, resulting in the death of the plaintiffs' decedent, Sandra Speller. The plaintiffs assert causes of action sounding in strict products liability, design defect, and breach of warranty against, among others, the manufacturer of an allegedly defective refrigerator, the defendant Whirlpool Corporation, and the distributor of the refrigerator, the defendant Sears, Roebuck and Co. (hereinafter collectively the appellants). Following discovery, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them. Relying on the testimony of the plaintiffs' expert witnesses submitted in opposition to the motion, the Supreme Court denied the appellants' motion. We reverse.

It is well established that a products liability case can be proven without evidence of any particular defect by presenting circumstantial evidence excluding all causes of the accident not attributable to the defendant's product, thereby giving rise to an inference that the accident could only have occurred due to some defect in the product (*see Halloran v Virginia Chems.*, 41

NY2d 386; *Graham v Pratt & Sons,* 271 AD2d 854; *D'Elia v Gleason Funeral Homes,* 250 AD2d 803). Therefore, a defendant's initial burden on a motion for summary judgment cannot be satisfied by merely showing that the plaintiff has been unable to produce evidence of any specific defect, but rather, must be satisfied by producing evidence establishing that the plaintiff's injuries were not necessarily caused by a manufacturing defect in the product (*see Graham v Pratt & Sons, supra;* *Brown v Borruso,* 238 AD2d 884). Once a defendant presents such evidence, the plaintiff must produce direct evidence of a defect in the product in order to defeat the motion (*see Sideris v Simon A. Rented Servs.,* 254 AD2d 408; *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124).

In support of their motion for summary judgment, the appellants submitted the deposition testimony of the investigating fire marshals and other experts who reviewed the physical evidence such as burn patterns, charring, damage to the stove, internal portions of the subject refrigerator, and surrounding areas in the kitchen. Such review was a sufficient independent basis for their respective opinions that the fire originated from a source not attributable to the appellants' product (*see Mason v Black & Decker [U.S.],* 274 AD2d 622; *Brown v Borruso, supra;* *Brandon v Caterpillar Tractor Corp.,* 125 AD2d 625), thereby shifting the burden to the plaintiffs to submit direct evidence of a defect in the refrigerator (*see Sideris v Simon A. Rented Servs., supra;* *Dubecky v S2 Yachts,* 234 AD2d 501; *Winckel v Atlantic Rentals & Sales, supra*).

Contrary to the plaintiffs' assertion and the Supreme Court's conclusion, the equivocal testimony of the plaintiffs' expert witnesses that the fire could have originated from the refrigerator or from an external source does not constitute direct evidence of any defect (*see D'Elia v Gleason Funeral Homes, supra; Henry v General Motors Corp., Chevrolet Motor Div.,* 201 AD2d 949). Indeed, such testimony did not create an issue of fact, but merely established that the plaintiffs failed to satisfy their required burden of proof (*see Shelden v Hample Equip. Co.,* 89 AD2d 766, *affd* 59 NY2d 618). Furthermore, as the record is devoid of any evidence establishing an issue of fact regarding the plaintiffs' design defect and breach of warranty claims, the complaint must be dismissed insofar as asserted against the appellants (*see Dillon v Toyota Co.,* 274 AD2d 411; *Reyes v Kimball, Div. of Kimball Intl. Mktg.,* 269 AD2d 156). Florio, J.P., Friedmann, H. Miller and Townes, JJ., concur.