■ JOHN F. DIMOPOULOS et al., Appellants, v OWENS-ILLINOIS CORP., Doing Business as OWENS-BROCKWAY GLASS CONTAINERS, Formerly Known as BROCKWAY GLASS Co., INC., Defendant, and H.J. HEINZ Co., Respondent. [753 NYS2d 869] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Kitzes, J.), entered July 10, 2000, as, upon the granting of the application of the defendant H.J. Heinz Co. pursuant to CPLR 4404 to set

aside a jury verdict finding that it was 45% at fault in the happening of the accident and for judgment as a matter of law, is in favor of that defendant and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondent.

On a postverdict motion for judgment as a matter of law, the trial court must determine whether any rational basis exists for the conclusion reached by the jury (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards,* 45 NY2d 493, 499). "The test is not whether the jury erred in weighing the evidence presented, but whether any viable evidence exists to support the verdict (*Barker v Bice,* 87 AD2d 908)" (*Kozlowski v City of Amsterdam,* 111 AD2d 476, 477). Here, the plaintiffs failed to provide sufficient evidence from which a jury could conclude that the bottle in question was defective when it left the control of the defendant H.J. Heinz Co. (hereinafter Heinz) (*see Halloran v Virginia Chems.,* 41 NY2d 386; *Speller v Sears, Roebuck & Co.,* 294 AD2d 349; *Sideris v Simon A. Rented Servs.,* 254 AD2d 408). Accordingly, the Supreme Court properly set aside the verdict and directed judgment as a matter of law in favor of Heinz.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Smith, McGinity and Townes, JJ., concur.