■ JEFFREY VOGEL et al., Appellants, v AMERICAN MOTORIZED PRODUCTS, INC., et al., Defendant, and TECUMSEH PRODUCTS Co., Respondent. [824 NYS2d 129]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 13, 2005, which granted the motion of the defendant Tecumseh Products Co. for summary judgment dismissing the complaint insofar as asserted against it and (2), as limited by their brief, from so much of a judgment of the same court dated August 17, 2005, as, upon the order, is in favor of the defendant Tecumseh Products Co. and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Tecumseh Products Co.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In support of its motion for summary judgment, the defendant Tecumseh Products Co. (hereinafter Tecumseh), the manufacturer of the subject engine, proffered evidence in admissible form showing that the engine and its component parts underwent mechanical testing and were found to be free from

defect. Therefore, Tecumseh made a prima facie showing of entitlement to judgment as a matter of law dismissing the plaintiffs' product liability claims inasmuch as Tecumseh demonstrated that its product was not defective when it left Tecumseh's control (*see Rosado v Proctor & Schwartz,* 66 NY2d 21, 25 [1985]; *Tardella v RJR Nabisco,* 178 AD2d 737 [1991]). In response, the plaintiffs offered no evidence to the contrary, nor did they offer evidence excluding causes of the accident not attributable to Tecumseh. Accordingly, there being no issue of fact, the Supreme Court properly granted that branch of Tecumseh's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see D'Elia v Martin A. Gleason, Inc., Funeral Homes,* 250 AD2d 803, 804 [1998]).

In light of our determination, we need not reach the parties' remaining contentions. Miller, J.P., Ritter, Rivera and Lifson, JJ., concur. [*See* 9 Misc 3d 1104(A), 2005 NY Slip Op 51394(U) (2005).]