■ DALE SABESSAR, Appellant, v PRESTO SALES AND SERVICE, INC., et al., Respondents, et al., Defendant. [848 NYS2d 198]—

In an action to recover damages for personal injuries, inter alia, based upon strict products liability, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 24, 2006, as granted those branches of the separate motions of the defendant Presto Sales and Service, Inc., and the defendant Tuff Manufacturing, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) from a judgment of the same court entered November 9, 2006, which, upon the order, is in favor of the defendant Presto Sales and Service, Inc., and against him, in effect, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Presto Sales and Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Presto Sales and Service, Inc., and Tuff Manufacturing, Inc., payable by the plaintiff.

The appeal from so much of the intermediate order as granted that branch of the motion of the defendant Presto Sales and Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action in favor of that defendant (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff was injured in the course of his employment while using a "Tuff Super Skid" power washer (hereinafter the product) to steam clean a public sidewalk. The nozzle attached

to the power washing wand disconnected from the end of the wand, causing the wand to emit hot water at high pressure on the plaintiff's right boot, burning his foot.

Alleging, inter alia, that the nozzle was defective and that this defect was the proximate cause of his injuries, the plaintiff commenced the instant action against the defendant Tuff Manufacturing, Inc. (hereinafter Tuff), which manufactured and assembled the power washer, the defendant Presto Sales and Service, Inc. (hereinafter Presto), the wholesale distributor of the power washer, and the defendant Giant Industries, Inc. (hereinafter Giant), a manufacturer and distributor of high pressure pumps and accessories. The defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated April 24, 2006, the Supreme Court granted the defendants' motions. The court entered a judgment on November 9, 2006, in favor of Presto and against the plaintiff, in effect, dismissing the complaint insofar as asserted against that defendant. The plaintiff appeals from the judgment and from so much of the order as granted those branches of the motions of Presto and Tuff which were for summary judgment dismissing the complaint against each of those defendants.

On their respective motions, Presto and Tuff each made a prima facie showing of entitlement to judgment as a matter of law, as they demonstrated that the product was not defective when it left their control (see *Rosado v Proctor & Schwartz,* 66 NY2d 21, 25 [1985]; *Vogel v American Motorized Prods., Inc.,* 34 AD3d 457, 458 [2006]), and that there were other causes of the accident not attributable to them (see *D'Elia v Martin A. Gleason, Inc., Funeral Homes,* 250 AD2d 803, 804 [1998]). In opposition, the plaintiff neither offered direct evidence that the product was defective at the time it was manufactured or sold, nor did he offer evidence excluding causes of the accident not attributable to Presto and Tuff (see *Vogel v American Motorized Prods., Inc.,* 34 AD3d at 458; *D'Elia v Martin A. Gleason, Inc., Funeral Homes,* 250 AD2d at 804). The plaintiff's expert's affidavit failed to raise a triable issue of fact, as it was, inter alia, impermissibly speculative and lacking in probative value (see *Amatulli v Delhi Constr. Corp.,* 77 NY2d 525, 533 [1991]; *Castro v Delta Intl. Mach. Corp.,* 309 AD2d 827, 828 [2003]; *Aghabi v Sebro,* 256 AD2d 287, 288 [1998]). Accordingly, the Supreme Court properly granted summary judgment to Presto and Tuff (see *Vogel v American Motorized Prods., Inc.,* 34 AD3d at 457; *James v Harry Weinstein, Inc.,* 258 AD2d 562 [1999]; *D'Elia v Martin A. Gleason, Inc., Funeral Homes,* 250 AD2d at 803).

In light of our determination, Presto's remaining contention is academic. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.