# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1414**

**CA 12-00542**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

JOEL MURCIN AND MARIA MURCIN, INDIVIDUALLY AND
AS HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,

V                                    MEMORANDUM AND ORDER

MAC CONTRACTING, LLC, DEFENDANT-RESPONDENT.

---

GARVEY & GARVEY, BUFFALO (DENNIS J. GARVEY OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

LAW OFFICE OF LAURIE G. OGDEN, BUFFALO (GARY O'DONNELL OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 29, 2011. The order, among other things, denied plaintiffs' cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph and granting that part of the cross motion seeking a determination that the backhoe involved in the accident is a "motor vehicle" for purposes of the application of Vehicle and Traffic Law § 375 (1) (a) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Joel Murcin (plaintiff) at a construction site when he was struck and run over by a backhoe. During the course of his operation of the backhoe, plaintiff parked the machine on a downward slope and then exited the machine in order to remove large stones from the front bucket and to place the stones by hand in forming a drainage system. During this process, the unoccupied backhoe moved down the slope, knocked plaintiff to the ground and eventually came to rest with plaintiff trapped underneath. The backhoe was leased to plaintiff's employer by defendant. Contrary to plaintiffs' contention, Supreme Court properly denied their cross motion insofar as it sought summary judgment on the issue of negligence. Even assuming, arguendo, that plaintiff set the parking brake before exiting the machine, we conclude that plaintiffs failed to establish that the alleged negligence of defendant in the maintenance or repair of the backhoe resulted in a defect in the parking brake that caused the machine to roll down the slope and injure plaintiff (*cf. McDonald v Grasso*, 220 AD2d 867, 868-869). However, we agree with plaintiffs that, under the circumstances of this case, the backhoe is a "motor vehicle" for purposes of the brake

maintenance requirement in Vehicle and Traffic Law § 375 (1) (a) (*see* § 125; PJI 2:86).  We therefore modify the order by granting plaintiffs' cross motion to the extent that they sought a determination to that effect.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court