Cassatt v Zimmer, Inc. (2018 NY Slip Op 03267)





Cassatt v Zimmer, Inc.


2018 NY Slip Op 03267


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


487 CA 17-01174

[*1]ESTHER CASSATT, PLAINTIFF-APPELLANT,
v
ZIMMER, INC. AND ZIMMER UPSTATE NEW YORK, INC., DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






LAW OFFICE OF MARK H. CANTOR, LLC, BUFFALO (DAVID WOLFF OF COUNSEL), FOR PLAINTIFF-APPELLANT.
FAEGRE BAKER DANIELS LLP, FORT WAYNE, INDIANA (PETER A. MEYER, OF THE INDIANA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND GOLDBERG SEGALLA LLP, BUFFALO, FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Niagara County (Mark Montour, J.), entered October 13, 2016. The order granted the motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting causes of action for strict products liability and breach of implied warranty and seeking damages for injuries that she sustained following knee replacement surgery. Plaintiff alleged that a manufacturing defect in a component of the knee replacement system required two subsequent revision surgeries after certain components dissociated from each other. In appeal No. 1, plaintiff appeals from an order granting defendants' motion for summary judgment dismissing the complaint. In appeal No. 2, plaintiff appeals from an order denying her motion for leave to reargue and renew her opposition to the relief granted in the order in appeal No. 1.
Contrary to plaintiff's contention in appeal No. 1, we conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Initially, we note that plaintiff does not raise any contentions in her brief with respect to her cause of action for breach of implied warranty, and therefore has abandoned any issues concerning the dismissal of that cause of action (see Kiersznowski v Gregory B. Shankman, M.D., P.C., 67 AD3d 1366, 1367 [4th Dept 2009]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). With respect to the cause of action for strict products liability, we conclude that defendants met their initial burden by presenting competent evidence that the components of the knee replacement system were not defective (see Ramos v Howard Indus., Inc., 10 NY3d 218, 223-224 [2008]; Rachlin v Volvo Cars of N. Am., 289 AD2d 981, 982 [4th Dept 2001]). The components of the knee replacement system removed during the second revision surgery were lost by the hospital where the surgery was performed and were therefore not available for inspection by defendants. Nonetheless, the deposition testimony of defendants' director of quality assurance and the expert affidavit of a product development engineer established that the components of the knee replacement system "were designed and manufactured under state of the art conditions according to [defendants'] specifications and that [their] manufacturing process complied with applicable industry standards" (Ramos, 10 NY3d at 223). Those submissions further established that, in light of such testing and inspection, the components placed in plaintiff conformed with the specified dimensional, surface, material and visual requirements, and there was no evidence that the dissociations of the components in plaintiff's knee were caused by a [*2]manufacturing defect in the knee replacement system (see id. at 223-224). Defendants also submitted evidence attributing plaintiff's dissociations to her history of falls, preexisting knee instability caused by ligament laxity, and high posterior tibial slope (see id. at 224).
Plaintiff failed to raise a triable issue of fact in opposition by either direct or circumstantial evidence. Although plaintiff's surgeon broadly averred in an affidavit that there was a defect in the tibial component of the knee replacement system, his subsequent deposition testimony established that he did not detect any abnormalities in that component during the first revision surgery and that, during the second revision surgery, he similarly could not identify the location of any defect and did not observe any defects in the components even after removing the knee replacement system. Plaintiff offered only the surgeon's anecdotal observation that, during his career, he had never seen a knee dissociation occur twice in the same person. Plaintiff, however, cannot rely solely upon those occurrences to raise a triable issue of fact regarding the existence of a defect in the tibial component, and she failed to submit "some direct evidence that [such] a defect existed" (Brown v Borruso, 238 AD2d 884, 885 [4th Dept 1997]; see Blazynski v A. Gareleck & Sons, Inc., 48 AD3d 1168, 1169 [4th Dept 2008], lv denied 11 NY3d 825 [2008]; Rachlin, 289 AD2d at 982). We further conclude that "[p]laintiff failed to present evidence excluding all other causes for the [dissociations] not attributable to defendant[s] such that a reasonable jury could find that the [tibial component of the knee replacement system] was defective in the absence of evidence of a specific defect" (Ramos, 10 NY3d at 224). Plaintiff relied upon the surgeon's deposition testimony, which failed to exclude the possible causes of plaintiff's falls or knee instability, and plaintiff failed to submit any evidence to exclude plaintiff's high posterior tibial slope as a possible cause not attributable to defendants (see id.; Blazynski, 48 AD3d at 1169).
Insofar as the order in appeal No. 2 denied that part of plaintiff's motion for leave to reargue, it is not appealable, and we therefore dismiss the appeal to that extent on that ground (see Gaiter v City of Buffalo Bd. of Educ., 142 AD3d 1349, 1350 [4th Dept 2016]). We otherwise affirm the order in appeal No. 2 inasmuch as the court did not abuse its discretion in denying that part of plaintiff's motion that sought leave to renew (see CPLR 2221 [e] [2], [3]; Chiappone v William Penn Life Ins. Co. of N.Y., 96 AD3d 1627, 1627-1628 [4th Dept 2012]).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court