**Allied World Natl. Assur. Co. v AIG Specialty Ins. Co.**

2024 NY Slip Op 30857(U)

March 15, 2024

Supreme Court, New York County

Docket Number: Index No. 654162/2021

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NANCY M. BANNON**                    PART                61M

*Justice*

-----------------------------------------------------------------------------X

ALLIED WORLD NATIONAL ASSURANCE COMPANY
and ENDURANCE AMERICAN INSURANCE COMPANY,

                                    Plaintiffs,

                        - v –

AIG SPECIALTY INSURANCE COMPANY, IRONSHORE
SPECIALTY INSURANCE COMPANY,

                                    Defendants.

----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654162/2021 |
| MOTION DATE | 3-15-24 |
| MOTION SEQ. NO. | 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 313, 314, 315, 316, 317, 318, 319, 320, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347

were read on this motion to/for                                         PRECLUDE                                         .

In this declaratory judgment action, the plaintiff insurers seek, *inter alia,* a declaration that the defendant insurers had a duty to defend Parsons-Mahan Joint Venture (Joint Venture), a defendant contractor in the underlying negligence class action filed in the Circuit Court of Prairie County, Arkansas. Those plaintiffs, residents of Arkansas, claimed to have suffered bodily injuries from ingesting drinking water contaminated with raw sewage in September 2017. Plaintiff Allied World National Assurance Company (Allied), Joint Venture's primary insurer, defended Joint Venture in that action and now seeks contribution - full or partial reimbursement - from the defendants. Defendant AIG Specialty Insurance Company (AIG) insures Parsons Construction Group, Inc, a member of Joint Venture, and defendant Ironshore Specialty Insurance Company (Ironshore) insures C.J. Mahan, another member of Joint Venture. Allied commenced this action on July 1, 2021. Plaintiff Endurance American Insurance Company, which issued an excess liability policy to Joint Venture, intervened the same year. The defendants answered, denying coverage under the terms of the respective policies.

654162/2021   ALLIED WORLD NATIONAL vs. AIG SPECIALTY INSURANCE                    Page 1 of 4
  Motion No.  011

1 of 4

It is no longer disputed that there was raw sewage in the drinking water due to the insured's negligence in cross-connecting sewage lines with municipal drinking water lines. The nature of the underlying action, as summarized in plaintiff Allied's memo of law, is as follows:

> The $11.9 million settlement in the underlying *Betzner* litigation addressed systems-wide contamination of two public drinking water supplies with untreated sewage and a certified class of individuals exposed to and, in certain circumstances, ingesting and physically absorbing, that untreated sewage while in their homes and businesses due to contractor negligence. The insured contractors stipulated that they had negligently cross-connected sewage lines with municipal drinking water lines. Thus, the only issue for trial was the extent of the damage to class members caused by the contamination of public drinking water with raw sewage.

The plaintiffs' policies contain a "Total Pollution Exclusion" which excludes coverage for bodily injury caused by "pollutants" which includes "contaminants", which in turn includes "waste."   By contrast, defendant AIG's policy covers claims for bodily injury "resulting from pollution conditions" which includes the "discharge ... or release or escape of any solid or liquid ...  contaminant, including … waste materials." Similarly, Ironshore's policy covers claims for bodily injury and property damage resulting from "a contractor's pollution liability claim for a pollution condition arising from contractor activities" and defines "pollution conditions" to include the "discharge, dispersal, release or escape" of "contaminants or pollutants" including "toxic chemicals, mold, spores, fungi, microbes, bacteria [or] ... waste material" into "any watercourse or body of water."

In this coverage action, the court (Ostrager, J.) set a discovery schedule in a preliminary conference order dated February 1, 2022.  As relevant here, the court directed that all expert disclosure be completed no later than 30 days following the last deposition. After several status conferences, the court directed, in a so-ordered stipulation dated October 3, 2023, that non-expert depositions be completed by December 15, 2023, expert disclosures be completed by January 5, 2024, and rebuttal expert disclosures by February 5, 2024. The Note of Issue deadline was extended to February 29, 2024.

On January 5, 2024, plaintiff Allied served the defendants with a report of Dr. Valerie Harwood, a water quality specialist with a Ph.D. in biomedical sciences. In her report, Dr.

654162/2021   ALLIED WORLD NATIONAL vs. AIG SPECIALTY INSURANCE
Motion No.  011

Page 2 of 4

[* 2]

Harwood opines that, based on her education, training and professional experience, and after her examination of case documents, the drinking water was contaminated with sewage and other pollutants and pathogens, including toxic chemicals and mold, as a result of the cross-connection between the drinking water and sewer lines by Joint Venture, and resultant infiltration of surface water and/or groundwater into the drinking water supply. The defendants did not serve any expert reports. No Note of Issue was filed.

On February 5, 2024, the defendants filed the instant motion to preclude the report and testimony of Dr. Harwood, or, in the alternative, for leave to conduct further discovery and file a late rebuttal expert report. In essence, the defendants argue that Dr. Harwood's testimony would not be helpful and would not clarify any issue calling for professional knowledge outside the ken of a typical jury. Both plaintiffs oppose the motion. The motion is denied.

As a general rule, the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court. See Selkowitz v County of Nassau, 45 NY2d 97 (1978). "The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror." De Long v County of Erie, 60 NY2d 296, 307 (1983); People v Allweiss, 48 NY2d 40, 50 (1979). Dr. Harwood's report addresses the central issue in this action – whether raw sewage in drinking water is a "pollutant" or "contaminant" within the scientific field of water quality, as those are terms found in the subject policies of liability insurance and relied upon by the parties in support of their respective positions. While Dr. Harwood may not invade teh jury's province and opine as to the ultimate issue of coverage in the action (see e.g. Meason v Greenwich & Perry St. Hous. Corp., 268 AD2d 155 [1st Dept. 2000]), neither her report nor her expert testimony are precluded. See Landmark Ventures, Inc. v H5 Tech., Inc., 152 AD3d 657 (2nd Dept. 2017). Indeed, an expert witness may testify "to both the ultimate questions and those of lesser significance" (Sanders v Otis Elevator Co., 232 AD2d 327, 328 [1st Dept. 1996]) where that testimony would "help clarify an issue calling for a professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror." Id. quoting DeLong v County of Erie, 60 NY2d 296). This ruling, however, does not preclude the defendants from objecting to particular questions asked of this witness at trial, if there are proper grounds therefor. Those ruling are to be made by the trial judge.

654162/2021   ALLIED WORLD NATIONAL vs. AIG SPECIALTY INSURANCE           Page 3 of 4
   Motion No. 011

3 of 4

[* 3]

The defendants' application for alternative relief, leave to conduct further discovery, is denied as they have failed to establish entitlement to that relief on these papers. Discovery has been ongoing for more than two years, deadlines were extended numerous times after several discovery conferences and the final Note of Issue deadline has passed. No reasonable excuse for the defendants' failure to timely complete discovery is provided. For the same reason, the defendants' application for leave to file a late expert report is denied. Notably, this motion was filed on the last day for filing such a rebuttal report per the court's order of October 3, 2023.

The parties shall appear for the status conference scheduled for March 21, 2024, where a short Note of Issue deadline may be issued so that, once filed, the case can be put on a trial calendar. The parties are reminded that there is no post-note discovery absent unusual or unanticipated circumstances. See 22 NYCRR 202.21(d).

The parties are encouraged to explore settlement.

Accordingly, it is

ORDERED that the defendants' motion is denied in its entirety, and it is further

ORDERED that the parties shall appear for a status conference on March 21, 2024, at 10:00 a.m., as previously scheduled.

This constitutes the Decision and Order of the court.

_____
NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**3/15/2024**
**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654162/2021  ALLIED WORLD NATIONAL vs. AIG SPECIALTY INSURANCE**      **Page 4 of 4**
**Motion No.  011**

[* 4]                                                    4 of 4