■ CLARA SHELDEN, Respondent, v HAMPLE EQUIPMENT COMPANY, INC., et al., Appellants. — Appeals (1) from a judgment of the Supreme Court in favor of plaintiff, entered July 31, 1981 in Chemung County, upon a verdict rendered at Trial Term (Swartwood, J.), and (2) from an order of said court, entered July 30, 1981 in Chemung County, which denied defendants' motion to set aside the verdict. Plaintiff commenced this strict products liability action to recover damages for burns she sustained when the bottom fell out of a glass coffee pot she was carrying while working at a restaurant. She had purchased the coffee pot two months earlier from defendant Hample Equipment Company. Because a co-worker had discarded the broken pot on the day of the accident, plaintiff was unable to present direct evidence respecting the cause of its failure. Instead, she presented circumstantial evidence of a defect, consisting of testimony by other employees and the restaurant's owners that the pot had never

been banged, scratched, dropped, allowed to boil dry, or otherwise mishandled. On cross-examination, however, co-owner Peter Driscoll intimated he might have washed the pot with a wire brush. At the close of plaintiff's case, defendants moved for a nonsuit on the ground that plaintiff had failed to prove a prima facie case. All motions were denied. Each defendant then presented evidence on their respective methods of inspection and handling of the pots and defendant Corning Glass Works, the manufacturer, presented evidence on the manufacturing process. Corning Glass Works' expert testified that a manufacturing defect in the coffee pot would have caused the pot to fail early on in its service life, not, as here, two months later. In addition, he testified that cleaning the pot with a wire brush could scratch the pot and result in its breaking. The jury returned a unanimous verdict against defendants, the manufacturer, distributor and seller of the pot, a verdict which the trial court declined to set aside. Since there was no direct proof of any defect in the coffee pot, plaintiff was required to exclude all causes of the accident not attributable to defendants (*Halloran v Virginia Chems.*, 41 NY2d 386, 388). Plaintiff had the burden of eliminating improper cleaning as a possible cause of the defect, and the fact that testimony by plaintiff's witness on this issue was equivocal does not create a question of fact for the jury. It merely establishes the fact that she failed to satisfy her required burden of proof (*Schafer v General Motors Corp.*, 73 AD2d 600). Moreover, the record does not demonstrate there was any defect in the design of the coffee pot in question and, accordingly, this issue should not have been submitted to the jury (*Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479). Judgment and order reversed, on the law and the facts, with one bill of costs to defendants, and complaint dismissed. Mahoney, P. J., Sweeney, Kane and Main, JJ., concur.

Yesawich, Jr., J., concurs in part and dissents in part in the following memorandum. Yesawich, Jr., J. (concurring in part and dissenting in part). Even in the absence of direct proof, a jury may infer that a product was defective provided the plaintiff has "excluded all causes of the accident not attributable to defendant" (*Halloran v Virginia Chems.*, 41 NY2d 386, 388; accord, *Caprara v Chrysler Corp.*, 52 NY2d 114, 123). It is with respect to the contention that Driscoll's testimony raised another possible cause of the defect, which plaintiff failed to eliminate, that I disagree. Driscoll stated that he "vaguely" remembered washing similar pots with a brush he described as a "curly handled type thing", but couldn't recall whether he had done so in the six months prior to the accident. Moroever, as the Trial Judge noted, the pot he cleaned was not necessarily the pot in question. Other evidence tended to show that this pot had never been washed with a wire brush. Plaintiff testified that she always washed the pots, and then not with a brush but with a sponge. Another waitress testified that she never saw anyone at the restaurant use a wire brush to clean the pots. All this testimony, which the jury and the court had the inestimable advantage of observing being uttered, simply presented a fact question for the jury as to whether the pot had been improperly handled. The jury's resolution of that issue should not be disturbed. However, I agree with my colleagues that there was insufficient evidence presented on the issue of defective design of the coffee pot to submit this theory to the jury. Since certitude is lacking as to the principle of liability the jury relied upon, defective manufacture or defective design, in arriving at its verdict, I would reverse and remand for a new trial.