■ PEERLESS INSURANCE COMPANY, Respondent, v FORD MOTOR COMPANY, Appellant. [667 NYS2d 862] —Spain J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 16, 1997 in Albany County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action alleging that defendant's negligent design and manufacturing of electrical conductors located within the engine compartment of the 1994 Ford pickup truck owned by plaintiff's insured had been the sole cause of a fire within the truck. During discovery, defendant requested, *inter alia*, the specific bases for plaintiff's defect claims. Finding plaintiff's responses to such requests to be insufficiently precise, defendant moved to compel complete and proper responses. Supreme Court granted the motion and precluded plaintiff "from offering evidence at trial of the items of which particulars have not been given" unless it provided complete and proper responses within 30 days of the order's entry.

When plaintiff failed to provide more specific responses, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff would be unable to establish a prima facie case at trial. In opposition, plaintiff's counsel submitted an affirmation that plaintiff could prove its case "even with the previous preclusion Order in place". Thereafter, Supreme Court denied defendant's motion, noting that plaintiff was precluded from offering evidence at trial only of those items of which particulars had not been given. Defendant appeals, arguing that plaintiff's failure to comply with the order to compel precludes it from offering any evidence to support its design and manufacturing defect claims and, therefore, the motion for summary judgment dismissing the complaint was improperly denied.

It is clear that a plaintiff in a products liability case may circumstantially prove a claim of defective design and/or manufacturing without identifying a specific defect but, rather, by establishing that the product did not perform as intended for no reason that is not attributable to the defendant (*see, Caprara v Chrysler Corp.*, 52 NY2d 114, 123; *McDermott v City of New York*, 50 NY2d 211, 220; *Halloran v Virginia Chems.*, 41 NY2d 386, 388; *Codling v Paglia*, 32 NY2d 330, 337-338; *Shelden v Hample Equip. Co.*, 89 AD2d 766, 767, *affd* 59 NY2d 618). In the instant case, plaintiff is entitled to attempt to prove that the pickup truck's fire was not in accordance with the truck's intended performance and that such fire occurred for no reason that is not attributable to defendant. In conclusion we note that, contrary to defendant's claim, plaintiff need

not demonstrate an excusable default and the existence of a meritorious claim in order to avoid the adverse impact of the order of preclusion; plaintiff does not seek to avoid the order of preclusion but, rather, intends to prove its case via other—nonprecluded—evidence. For these reasons we decline to disturb Supreme Court's order denying defendant's motion for summary judgment.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.