■ JOSEPH PERIS, Plaintiff, v WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Appellant and Third-Party Plaintiff-Appellant, and KRUEGER INTERNATIONAL CORPORATION, Respondent. BUFFALO HOTEL SUPPLY CO., INC., Third-Party Defendant-Respondent. (Appeal No. 2.) [680 NYS2d 346] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a patron at the Gates' Marway Circle off-track betting parlor operated by defendant Western Regional Off-Track Betting Corporation (OTB), was injured when a chair in which he was sitting collapsed. The chair was manufactured by defendant Krueger International Corporation (Krueger) and ordered through a distributor, third-party defendant Buffalo Hotel Supply Co., Inc. (BHSC). Plaintiff filed an amended complaint alleging causes of action against Krueger and OTB. OTB commenced a third-party action against Krueger and BHSC, who cross-claimed against each other. Krueger also asserted cross claims against OTB. All parties except OTB moved for summary judgment.

Supreme Court issued two orders. The second order is identical in substance to the first order but also dismissed with prejudice the third-party complaint against BHSC. Because the second order modifies the first in a material respect, it is an amended order and no appeal lies from the first order (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051).

The court erred in granting the motion of Krueger for summary judgment dismissing the amended complaint, third-party complaint and cross claims against it. Krueger failed to meet its burden of establishing by proof in admissible form that the chair was not defective (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562; *Brown v Borruso*, 238 AD2d 884). Although discovery had been completed and the court found no evidence of any defect in the chair, "[t]he existence of a defect may be established circumstantially, i.e., by evidence from which the jury could infer that the [chair] did not perform as intended" (*Fili v Matson Motors*, 183 AD2d 324, 328; *see, Halloran v Virginia Chems.*, 41 NY2d 386, 388). The only evidence

submitted by Krueger on that issue was an expert disclosure statement pursuant to CPLR 3101 (d). That unsworn statement by counsel may not be considered on a summary judgment motion (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Because Krueger failed to meet its burden, we do not consider the adequacy of plaintiff's submissions in opposition to the motion (*see, Roska v Town of Cheektowaga* [appeal No. 2], 251 AD2d 984).

The court also erred in granting that part of the motion of BHSC for summary judgment dismissing the third-party complaint insofar as it stated causes of action in strict liability and breach of implied warranty. BHSC also failed to meet its burden of establishing that the chair was not defective. Contrary to the contention of BHSC, the third-party complaint, as amplified by OTB's response to BHSC's demand for a bill of particulars, states such causes of action (*see, Cole v O'Tooles of Utica*, 222 AD2d 88, 90).

The court, however, properly granted that part of the motion of BHSC for summary judgment insofar as it sought dismissal of OTB's negligence cause of action. BHSC established that the chair in question was ordered by BHSC from a reputable manufacturer to be shipped directly to the purchaser in a sealed carton and that no other basis exists for a finding of negligence (*see, Pimm v Graybar Elec. Co.*, 27 AD2d 309, 311).

We therefore modify the order by denying the motion of Krueger for summary judgment and reinstating the amended complaint, third-party complaint and cross claims against it and by denying in part the motion of BHSC for summary judgment and reinstating the third-party complaint insofar as it states causes of action in strict liability and breach of implied warranty. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.