■ FLOYD GRAHAM, Respondent, v WALTER S. PRATT & SONS, INC., Appellant. (And a Third-Party Action.) [706 NYS2d 242] —Mercure, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered February 27, 1999 in Greene County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff sustained the injuries forming the basis for this action while performing construction work in July 1991. At that time, plaintiff was using a pavement breaker equipped with a moil point supplied by defendant to break up concrete on the deck of a bridge. While plaintiff was so engaged, the moil point broke, allegedly causing the machine to jerk and drive directly into plaintiff's foot. The complaint pleads causes of action sounding in negligence, breach of express and implied warranties, and strict products liability. Following joinder of issue, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff was unable to articulate any specific defect in the moil point that proximately caused the accident. Supreme Court denied the motion and defendant appeals.

We affirm. It is established law that a products liability case can be proven absent evidence of any particular defect by presenting circumstantial evidence excluding all causes of the accident not attributable to defendant, thereby giving rise to an inference that the accident could only have occurred due to some defect in the product (*see, Halloran v Virginia Chems.*, 41 NY2d 386, 388; *Peris v Western Regional Off-Track Betting Corp.*, 255 AD2d 899; *Peerless Ins. Co. v Ford Motor Co.*, 246 AD2d 949). Therefore, defendant's initial burden on the motion could not be satisfied by merely establishing plaintiff's inability to come forward with evidence of any specific defect. Rather, defendant was required to come forward with evidence in admissible form establishing that plaintiff's injuries were not caused by a manufacturing defect in the product (*see, Peris v Western Regional Off-Track Betting Corp.*, *supra*; *Brown v Borruso*, 238 AD2d 884, 885; *Porter v Uniroyal Goodrich Tire Co.*, 224 AD2d 674). In our view, defendant's offer of other possible

causes of the failure, i.e., a dull point or misuse, including the application of the point at an angle to the concrete, even coupled with plaintiff's acknowledgment that on the day of the accident he pointed the pavement breaker both straight down and at an angle, did not satisfy defendant's burden on the motion. Notably, defendant came forward with no evidence that the point was being applied at an angle (or the extent of any such angle) at the time of the failure.

Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.