■ CHRISTOPHER J. DE SANCTIS, Appellant-Respondent, v MONTGOMERY ELEVATOR COMPANY, INC., Defendant, and MILLAR ELEVATOR COMPANY, INC., Respondent-Appellant. [758 NYS2d 419] —Mercure, J. Cross appeals from an order of the Supreme Court (Moynihan, Jr., J.), entered April 25, 2002 in Warren County, which denied a motion by defendant Millar Elevator Company, Inc. for summary judgment dismissing the complaint against it.

In January 1993, plaintiff was injured when a passenger elevator in which he was riding allegedly malfunctioned during its descent from the first floor to the ground floor of Glens Falls City Hall in Warren County. Plaintiff commenced this personal injury action against, among others, defendant Millar Elevator Company, Inc. (hereinafter defendant), which had a contract to maintain and repair the elevator. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion. Plaintiff appeals from that part of Supreme Court's order precluding his reliance on the doctrine of res ipsa loquitur and defendant cross-appeals from so much of the order as denied its motion for summary judgment.

Defendant concedes that "[a]n elevator company which agrees to maintain an elevator in safe operating condition may be liable to a passenger for failure to correct conditions of which it has knowledge or failure to use reasonable care to discover and correct a condition which it ought to have found" (Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]). In connection with its motion for summary judgment, defendant submitted maintenance records including work tickets for a period of approximately a year preceding plaintiff's accident and an affidavit from its repair technician showing monthly maintenance and inspections. The technician averred that the elevator was working properly. In addition, defendant produced service call logs that indicated no complaints associated with the ascending or descending of the elevator. Thus, defendant met its initial burden by demonstrating that it had neither actual nor constructive notice of a defective condition regarding the

elevator's performance as it was ascending or descending (*see Tashjian v Strong & Assoc.*, 225 AD2d 907, 908-909 [1996]; *cf. Proctor v Rensselaer Polytechnic Inst.*, 277 AD2d 536, 539 [2000]).

In opposition to defendant's motion, plaintiff submitted an affidavit from an elevator expert/consultant who noted that three of defendant's work tickets referred to maintenance performed on the elevator's safe edge, which is designed to prevent closing elevator doors from crushing passengers. The expert concluded that these work tickets demonstrated that the elevator's safe edge was deteriorating. He asserted that the safe edge likely became loose and caught in the elevator's hoist-way, causing the accident. Although most of the expert's remaining conclusions and assertions—which are based upon his examination of the elevator more than eight years after the accident or upon photos taken by plaintiff after the condition of the elevator had been altered—are merely speculative, the affidavit raises a material issue of fact regarding whether the repeated repairs to the safe edge should have alerted defendant to a condition that required repair (*see Warner v Historic Hudson Riv. Heritage Dev. Co.*, 235 AD2d 987, 989 [1997]; *cf. Petro v New York Life Ins. Co.*, 277 AD2d 213, 214 [2000]).

Contrary to plaintiff's arguments, however, Supreme Court properly determined that the doctrine of res ipsa loquitur does not apply here. That doctrine requires that a plaintiff establish the following conditions: "First, the event must be of a kind that ordinarily does not occur in the absence of someone's negligence; second, it must be caused by an agency or instrumentality within the exclusive control of the defendant; and third, it must not have been due to any voluntary action or contribution on the part of the plaintiff" (*Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997] [citation omitted]; *see Walden v Otis El. Co.*, 178 AD2d 878, 879 [1991], *lv denied* 79 NY2d 758 [1992]). The second prong of the test requires "that the evidence must afford a rational basis for concluding that the cause of the accident was probably such that the defendant would be responsible for any negligence connected with it" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 227 [1986] [internal quotation marks and citations omitted]). In other words, the likelihood of other causes " 'must be so reduced that the greater probability lies at defendant's door' " (*id.* at 227, quoting 2 Harper and James, Torts § 19.7, at 1086).

While, as plaintiff asserts, the doctrine of res ipsa loquitur has been applied in many cases involving injuries caused by elevators (*see Walden v Otis El. Co., supra* at 879), we conclude

that plaintiff did not establish sufficient exclusivity of control over the safe edge here. Unlike cases involving breakdown of operating mechanisms that are relatively inaccessible to the general public (*see e.g. Weeden v Armor El. Co.*, 97 AD2d 197 [1983]), the safe edge, which plaintiff asserts caused the accident, is designed to come into contact with the public and, thus, subject to potentially damaging misuse or vandalism (*see Dermatossian v New York City Tr. Auth., supra* at 228). Accordingly, plaintiff is not entitled to have res ipsa loquitur charged to the jury.

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.