■ CARMEN MACIARELLO et al., Appellants, v EMPIRE COMFORT SYSTEMS, Respondent, et al., Defendant. [792 NYS2d 671]—

---

Carpinello, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered May 13, 2004 in Warren County, which granted a motion by defendant Empire Comfort Systems for summary judgment dismissing the complaint against it.

Ten days after a propane heater, manufactured by defendant Empire Comfort Systems, was installed in plaintiffs' home by defendant Riverside Gas and Oil Company, Inc., a fire erupted causing extensive damage. This action was thereafter commenced against Empire and Riverside to recover the money paid to plaintiffs for this loss on theories of liability sounding in products liability and improper installation. Following discovery, Empire moved for summary judgment on the ground that plaintiffs cannot meet their burden of proving that a defect within the heater caused the fire. Finding plaintiffs' opposition to Empire's prima facie showing to be inadequate, Supreme Court granted the motion. Plaintiffs appeal.

We affirm. In support of its motion for summary judgment, Empire assumed for the limited purpose of the motion that the fire originated at the heater. It nevertheless established, in particular through the affidavit of one of its long time service managers, that the subject heater was not defective. This manager averred that the type of heater involved conformed to all applicable industry safety standards, has a safe history and has never been subject to recall or a service bulletin. Indeed, according to this manager, in his near 25 years with Empire, "there have been no other allegations of a defect with the . . . heaters causing a fire." He further established that every heater manufactured by Empire is operated and tested prior to shipping to ensure that it is in proper working order.

With respect to the precise heater installed in plaintiffs' home, the manager inspected it following the fire and saw nothing in its highly damaged condition to suggest that it malfunctioned. He further averred, after noting that plaintiffs had used the heater for several days without incident prior to the fire, that "[h]ad there been some defect in the manufacture of the heater it would not have been a transient condition." This evidence satisfied Empire's initial burden on the motion (*see e.g. Wesp v Carl Zeiss, Inc.*, 11 AD3d 965 [2004]; *McArdle v Navistar Intl.*

*Corp.*, 293 AD2d 931 [2002]; *Nichols v Agway, Inc.*, 280 AD2d 889 [2001]; *cf. Graham v Pratt & Sons*, 271 AD2d 854 [2000]).

On their shifted burden, plaintiffs conceded that there is no direct evidence of a specific product defect in the heater but claimed that there is sufficient circumstantial evidence from which a jury could reasonably infer that it was defective. It is, of course, well settled that a plaintiff in a products liability case may prove the case circumstantially in the absence of evidence of a specific product defect, that is, the "plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]; *see Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]; *Codling v Paglia*, 32 NY2d 330, 337-338 [1973]; *Graham v Pratt & Sons, supra*; *Peerless Ins. Co. v Ford Motor Co.*, 246 AD2d 949 [1998]; *Taft v Sports Page Shop*, 226 AD2d 974 [1996]). If a plaintiff makes this showing, that party survives a defense motion for summary judgment and the factfinder could then reasonably infer, if the plaintiff's proof is credited, that an accident happened because of a product defect (*see Speller v Sears, Roebuck & Co., supra* at 43-44). Here, however, plaintiffs did not satisfy their burden under *Speller* and its antecedents (*cf. Wesp v Carl Zeiss, Inc., supra*).

Simply stated, plaintiffs' proof that the heater was the point of the fire's origin was not enough to survive summary judgment since there were two competing theories of liability for the accident, one of which (improper installation) completely exonerated Empire. None of plaintiffs' experts definitively established the precise cause of the fire or, more to the point, established that a defect in the heater, as opposed to improper installation, caused it. Rather, plaintiffs' experts generally opined that a *"properly installed* defect free" (emphasis added) heater will not cause a fire. In opposing Empire's prima facie showing of entitlement to summary judgment, plaintiffs were required to lay bare their proof to support their circumstantial case against Empire (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). By failing to submit competent evidence excluding all other causes of the fire *not* attributable to Empire, namely, improper installation, plaintiffs did not meet their burden under *Speller* and thus summary judgment was properly granted to Empire.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.