■ MARY GRACE MARDEN et al., Appellants, v MAURICE VILLENCY, INC., Respondent, et al., Defendant. [815 NYS2d 501]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 3, 2005, which granted defendant Maurice Villency's motion for summary judgment, unanimously affirmed, without costs.

The moving defendant established its prima facie entitlement to summary judgment, shifting the burden to plaintiffs to demonstrate a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]). To withstand the motion, plaintiffs

were required to come forward with evidentiary proof in admissible form. Instead, they opposed the motion with the unsworn report of an interior designer. Since the contents of the report were not in admissible form, they were of no evidentiary value. Even if the report had been in affidavit form, its probative value was questionable as its contents were conclusory and speculative (*see Timmins v Tishman Constr. Corp.*, 9 AD3d 62, 70 [2004], *lv dismissed* 4 NY3d 739 [2004]).

Furthermore, even assuming Maurice Villency's service technician had noted the chair at issue was inadequately glued, there was no testimony as to the condition of the chairs at the time of sale. Notably, the service technician testified that the chairs deteriorated from usage, and it was common for glue to dry up with time. Thus, plaintiffs have not shown that a manufacturing or design defect was a substantial factor in this accident (*see Shelden v Hample Equip. Co.*, 59 NY2d 618 [1983], *affg* 89 AD2d 766 [1982]). Concur—Buckley, P.J., Mazzarelli, Friedman, Sweeny and McGuire, JJ.