■ NICK CARUSO, Appellant, v JOHN STREET FITNESS CLUB, LLC, et al., Respondents, et al., Defendants. [824 NYS2d 255]—

Order, Supreme Court, New York County (Louis B. York, J.), entered March 21, 2005, which, inter alia, granted the motion of defendant Steamaster Company Inc. and the respective cross motions of defendants John Street Fitness Club, LLC, WSA Equities, LLC, WSA Management, Ltd. and AA Professional Sauna & Steam, LLC for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff, a John Street Fitness Club member who passed out in the club's steam room and sustained burns on his back, brought this products liability action against the club, the owner of the building where the club was located, the managing agent of the building and the manufacturer and distributor of the steam generator used in the steam room. Defendants made a prima facie showing of entitlement to summary judgment dismissing plaintiff's cause of action alleging design defect by demonstrating that the subject steam generator was not defective and that plaintiff's accident was not attributable to a product defect (see Graham v Pratt & Sons, 271 AD2d 854 [2000]). Plaintiff, in response, failed to carry his burden to adduce evidence supporting an inference that the product, by reason of a defect therein, was not reasonably safe, much less that any such defect was a substantial factor in bringing about his injury (see Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107 [1983]; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478-479 [1980]). Plaintiff's experts' assertions, unsupported by competent evidence, are, at best, speculative and conclusory and, as such, insufficient to defeat defendants' summary judgment motions (see Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]; Masucci v Feder, 196 AD2d 416, 420 [1993]).

The steam and steam heads inside the steam room were open and obvious, and there is no liability for failing to warn plaintiff specifically of the risks posed by a loss of consciousness in the steam room and consequent prolonged exposure to unguarded

steam emissions. Such risks are so obvious as to obviate the need for a formal warning (*see Bazerman v Gardall Safe Corp.*, 203 AD2d 56 [1994]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.