■ JOHN RAMOS, Respondent, v HOWARD INDUSTRIES, INC., Appellant. [831 NYS2d 615]—

Appeal from an order of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered February 23, 2006 in a products liability action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this products liability action seeking damages for injuries he allegedly sustained when a transformer designed and manufactured by defendant exploded. The explosion occurred shortly after plaintiff energized the transformer while in the course of his employment as a lineman

for Niagara Mohawk Power Corporation (Niagara Mohawk). Initially, plaintiff reported to his employer and doctors that he was injured when he reached out of an aerial bucket while installing the transformer on a utility pole. Plaintiff later claimed that his injuries occurred as a result of the transformer explosion, but at that time the transformer could not be located for inspection or testing concerning the cause of its failure. Plaintiff alleges, inter alia, that his injuries were caused by defendant's defective design and manufacture of the transformer. We conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint, although our reasoning differs from that of the court.

In support of its motion, defendant had the burden of establishing as a matter of law that there was no defect in the design or manufacture of the transformer (see Maciarello v Empire Comfort Sys., 16 AD3d 1009, 1010 [2005]; Lauber v Sears, Roebuck & Co., 273 AD2d 922 [2000]; Terry v Erie Foundry Co., 235 AD2d 414, 415 [1997]). We note in particular that defendant cannot meet its burden "merely by pointing to the gaps in its opponent's proof" (McArthur v Muhammad, 27 AD3d 532, 533 [2006]; see George Larkin Trucking Co. v Lisbon Tire Mart, 185 AD2d 614, 615 [1992]; see also Frank v Price Chopper Operating Co., 275 AD2d 940 [2000]). Here, defendant submitted evidence establishing that its transformers generally were designed and manufactured under state of the art conditions according to Niagara Mohawk's specifications and complied with all applicable industry standards, and that the transformer in question would have been individually tested to ensure compliance with customer specifications and industry requirements. That evidence does not establish as a matter of law that the transformer was not defective and that a manufacturing defect therefore did not cause the explosion (see Graham v Pratt & Sons, 271 AD2d 854 [2000]; Peris v Western Regional Off-Track Betting Corp., 255 AD2d 899 [1998]). Inasmuch as defendant failed to meet its burden on the motion, there is no need to consider the adequacy of plaintiff's submissions in opposition (see Herman v Town of Clarence, 256 AD2d 1229, 1230 [1998]). Finally, we note that defendant did not seek spoliation sanctions, and thus we have not considered plaintiff's alleged fault for the unavailability of the transformer for inspection and testing.

All concur except Peradotto, J., who dissents and votes to reverse in accordance with the following memorandum.

Peradotto, J. (dissenting). I respectfully dissent. In my view, defendant met its initial burden of establishing its entitlement

to summary judgment as a matter of law, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). A defendant's burden on a motion for summary judgment is to establish that "the [plaintiff's] cause of action . . . has no merit" (CPLR 3212 [b]). In determining whether a defendant has met that burden, courts must consider the factual posture of the case and the corresponding evidence necessary to support the causes of action and defenses.

Here, the majority's focus is solely on plaintiff's manufacturing defect claim. There is no direct evidence of a manufacturing defect in the subject transformer because it is no longer available, and neither party had the opportunity to inspect or test it after the accident. Thus, plaintiff's manufacturing defect claim is entirely dependent on circumstantial evidence. Although it is well settled that plaintiff may prove that claim with circumstantial evidence (*see Shelden v Hample Equip. Co.*, 89 AD2d 766, 767 [1982], *affd for reasons stated* 59 NY2d 618 [1983]; *Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]), he nevertheless must establish that the product did not perform as intended and he must exclude all causes of the accident not attributable to defendant (*see Shelden*, 89 AD2d at 767; *Halloran*, 41 NY2d at 388; *see also* PJI 2:141.1 [2007]). Product defect in a circumstantial evidence case is established, in effect, by a process of elimination.

The majority concludes that defendant failed to establish that plaintiff's manufacturing defect claim has no merit because the "evidence does not establish as a matter of law that the transformer was not defective and that a manufacturing defect therefore did not cause the explosion." In support of its conclusion, the majority relies on *Peris v Western Regional Off-Track Betting Corp.* (255 AD2d 899 [1998]) and *Graham v Pratt & Sons* (271 AD2d 854 [2000]). *Peris* stands for the proposition that a defendant moving for summary judgment dismissing a manufacturing defect claim is required to establish that its product was not defective. That case, however, did not involve facts such as those in this case, where the product is unavailable for inspection and testing. *Graham* likewise does not appear to involve a missing product. In a case involving a product that is available to all parties for inspection and testing, a defendant must of course establish that the product was not defective in order to meet its initial burden on a motion seeking summary judgment dismissing a manufacturing defect claim. By its holding, the majority is requiring defendant to make that same showing where the product is unavailable for inspection and testing. In my view, the majority thus is disregarding the

particular facts of this case and is thereby creating a burden that is impossible for defendant to meet and that is greater than that required by precedent.

The further requirement imposed by the majority, i.e., that defendant eliminate a manufacturing defect as a cause of the accident, also is a misstatement of the law in a manufacturing defect case where the product is unavailable. A defendant in such a case is not obligated to establish the precise cause of the accident or to eliminate a manufacturing defect as a possible cause. Rather, the defendant need only offer other possible causes of the accident not attributable to it (*see Shelden*, 89 AD2d at 767; *Halloran*, 41 NY2d at 388; *see also* PJI 2:141.1 [2007]). Indeed, the majority by its holding is in effect determining that a defendant against whom a manufacturing defect claim has been asserted will never be entitled to summary judgment dismissing that claim when the product is unavailable for inspection and testing.

In my view, existing law requires that a defendant seeking summary judgment in a manufacturing defect case in which the product is unavailable for inspection and testing must establish as a matter of law that it may be inferred from the evidence that the product was not defective when it left the defendant's control and that there are other possible causes of the accident not attributable to the defendant. The defendant is thereby establishing that the plaintiff's cause of action has no merit (*see* CPLR 3212 [b]).

Here, defendant established in support of its motion that there was no direct evidence of a product defect when the product left its control. Defendant further established that the transformer was manufactured in accordance with industry standards under state of the art manufacturing processes and that it was subject to quality control measures as well as inspection and testing procedures. The evidence submitted in support of the motion included the affidavit of an expert engineer who opined that, "[g]iven the various stages of testing and inspection, it [was] virtually impossible for a transformer with an internal fault to leave [defendant's] plant." Defendant thus established as a matter of law that it may be inferred from the evidence that the transformer was not defective when it left defendant's control. Although the majority notes the well-settled principle that a defendant cannot meet its burden merely by pointing to gaps in its opponent's proof, defendant did not attempt to do so here (*cf. Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]).

Defendant also established possible causes of the accident

other than a product defect. Defendant submitted evidence establishing that the transformer was opened and rewired after it left defendant's possession, and that water could enter the transformer during that process. In addition, defendant submitted evidence that the transformer may have been rebuilt by plaintiff's employer or one of the vendors of plaintiff's employer. Defendant's expert stated in his affidavit that the transformer could have exploded as a result of subsequent rewiring or rebuilding. I thus conclude that defendant met its initial burden on the motion.

In opposition, plaintiff failed to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit of plaintiff's expert engineer is conclusory and speculative (*see McGregor v Flexcon Co.*, 275 AD2d 1001, 1002 [2000], *lv denied* 96 NY2d 702 [2001]). The opinions of plaintiff's expert were based on his examination of a materially different transformer, and he did not indicate that he was familiar with or had examined a transformer similar to the one involved in plaintiff's accident. Further, plaintiff's expert was unable to exclude the possibility that the transformer failed because of negligent rewiring, and he was unable to refute the possibility that the transformer in question was rebuilt by plaintiff's employer or one of its vendors prior to the accident.

I therefore would reverse the order, grant defendant's motion for summary judgment and dismiss the complaint. Present— Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.