■ GAIL NORTON, Respondent-Appellant, v ALBANY COUNTY AIRPORT AUTHORITY, Appellant, and SENECA AUTOMATIC DOOR, INC., Appellant-Respondent, and BESAM AUTOMATED ENTRANCE SYSTEMS, INC., Respondent. [859 NYS2d 296]—

Spain, J. (1) Appeal from that part of an order of the Supreme Court (Lamont, J.), entered January 6, 2006 in Schoharie County, which granted a cross motion by defendant Besam Automated Entrance Systems, Inc. for summary judgment dismissing the complaint and cross claims against it, and (2) cross appeals from an order of said court, entered February 27, 2007 in Schoharie County, which, among other things, granted a motion by defendant Seneca Automatic Door, Inc. for summary judgment dismissing the complaint against it.

This action is the consolidation of separate actions commenced by plaintiff sounding in negligence, strict products liability and express and implied warranties to recover for injuries allegedly sustained when automatic sliding glass doors at the Albany International Airport terminal suddenly closed upon her wrist. Defendants are the Albany County Airport Authority (hereinafter ACAA), Besam Automated Entrance Systems, Inc., the manufacturer of the automatic doors, and Seneca Automatic Door, Inc., the company responsible for installing the doors. Each defendant subsequently asserted cross claims for indemnification and/or contribution against the others. ACAA moved for summary judgment, and Seneca and Besam thereafter cross-moved, each seeking summary judgment dismissing the complaint and all cross claims against them. In a January 2006 order, Supreme Court granted Besam's cross motion and reserved decision on the remaining motions. After further discovery, ACAA and Seneca renewed their motions for summary judgment and, in a February 2007 order, Supreme Court granted Seneca's cross motion for summary judgment and denied ACAA's motion. ACAA and Seneca appeal from the 2006 order dismissing their cross claims against Besam, and ACAA appeals from the 2007 order denying its motion for summary judgment and granting summary judgment to Seneca.[1]

We first address ACAA's claim that Seneca should not have been awarded summary judgment. Seneca met its initial burden as the proponent of a summary judgment motion by establishing that it was an independent contractor at the time of plaintiff's injury and, therefore, owed no duty to plaintiff (*see Duffy v Wal-Mart Stores, Inc.*, 24 AD3d 1156, 1157 [2005]). Further, it is undisputed that the one-year warranty on Seneca's 1998 door installation had expired at the time of plaintiff's accident. In response to Seneca's motion, ACAA proffered no evidence that Seneca and ACAA were engaged in a service contract of any kind, or that Seneca was responsible for maintaining the automatic doors at the time of plaintiff's injury. To the contrary, during the period in which the doors were covered under warranty, Seneca only provided service and maintenance, at ACAA's initiative and request in connection with specific complaints. After the warranty expired, ACAA handled all routine inspection and maintenance on the doors. Although Seneca was called in to service a squeaky door at the airport in the month prior to plaintiff's accident, it is undisputed that it was not the door

---

1. Although plaintiff also cross-appealed from the 2007 order granting Seneca summary judgment, she has expressly abandoned her appeal from that order (*see Baron v Pfizer, Inc.*, 42 AD3d 627, 628 n [2007]).

involved in this accident; no record evidence exists linking any repair or service provided by Seneca to the alleged malfunction which caused plaintiff's injuries.

To the extent that ACAA asserts that an issue of fact exists as to whether Seneca could be held liable pursuant to the doctrine of res ipsa loquitur, it is sufficient to note that application of that doctrine operates to create an inference of negligence, but only where the party asserting the doctrine has "first demonstrated the nature of the instrumentality which caused the injury *and its connection with the defendant*" (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986] [emphasis added]). The doctrine cannot be used where, as here, the defendant against whom the doctrine is asserted owes no duty in connection with the mechanism that caused the injury.

We now turn to ACAA's contention that its cross claims against Besam should not have been dismissed.[2] A manufacturer may be held liable for injuries that arise out of the use of a defective product it manufactured (*see Gebo v Black Clawson Co.*, 92 NY2d 387, 392 [1998]). Where, as here, a product defect is unknown, a plaintiff may make his or her case through circumstantial evidence establishing both that the product did not perform as intended, and that all other possible causes for the product's malfunction are excluded (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]; *Maciarello v Empire Comfort Sys.*, 16 AD3d 1009, 1011 [2005]).

We agree with Supreme Court that Besam met its initial burden of submitting evidence which could establish that plaintiff's injuries were not caused by a manufacturing defect in the product (*see De Sanctis v Montgomery El. Co.*, 304 AD2d 936, 936-937 [2003]; *Graham v Pratt & Sons*, 271 AD2d 854 [2000]). Specifically, Besam relied on evidence from witnesses—including plaintiff who worked in the airport terminal and used the doors every day—that the doors had never abruptly closed in the manner alleged before. Further, the doors were inspected both before and after plaintiff's accident and were found to be working properly.

ACAA nevertheless asserts that Besam should not have received summary judgment because, if the doors malfunctioned as alleged, a question of fact exists as to whether all other causes for the product's failure that are not attributable to defendants have been excluded (*see Speller v Sears, Roebuck & Co.*, 100 NY2d at 41). Based on plaintiff's alternative claim that her ac-

---

**2.** In light of our conclusion that Seneca was properly granted summary judgment, we do not address Seneca's arguments seeking reinstatement of its cross claims against Besam.

cident was caused by a maintenance failure, Supreme Court found that it was not possible to exclude all causes of the accident other than a manufacturing defect. However, we agree with ACAA that, to defeat Besam's motion for summary judgment, it was not necessary to conclusively establish that all causes but defective manufacturing had been excluded; rather, ACAA was required to establish the existence of "a triable question of fact by offering competent evidence which, if credited by the jury, was sufficient to rebut . . . alternative cause evidence" (*id.* at 43). In other words, we must determine whether "based on [ACAA's] proof, a reasonable jury could conclude that [ACAA] excluded all other causes of the [accident]" (*id.*).

ACAA submitted evidence that the doors were inspected by ACAA personnel on a daily basis, that they were inspected and found to be working properly within 90 minutes before plaintiff's accident and that, immediately after the accident, the doors were inspected and found to be functioning properly. This evidence, combined with the dearth of any prior complaints of a similar malfunction and the absence of any direct evidence that improper maintenance caused the accident,[3] constitutes a sufficient basis upon which a factfinder could conclude that improper maintenance was not a factor in causing plaintiff's accident (*see Speller v Sears, Roebuck & Co.*, 100 NY2d at 43; *cf. Maciarello v Empire Comfort Sys.*, 16 AD3d at 1011 [summary judgment proper when opponent failed to submit competent evidence that could exclude alternate theory of causation]). Accordingly, we conclude that Besam was not entitled to judgment as a matter of law.

Finally, we concur with Supreme Court that ACAA is not entitled to summary judgment. ACAA met its initial burden establishing its entitlement to summary judgment by demonstrating that it had no notice of any defect in the doors. As discussed, the doors were functioning properly before and after plaintiff's injury. The burden thus shifted to plaintiff to raise a question of fact establishing ACAA's negligence (*see Rondeau v Georgia Pac. Corp.*, 29 AD3d 1066, 1068 [2006]; *De Sanctis v Montgomery El. Co.*, 304 AD2d at 936-937). We agree with Supreme Court that plaintiff successfully raised a triable issue of fact with respect to ACAA's potential liability.

---

**3.** Plaintiff's expert engineer concluded in his affirmation that ACAA "failed to properly inspect and maintain the door[s] to insure [their] safety to the public," and "had [ACAA] performed regular inspections and scheduled preventative maintenance . . . of the mechanical and electrical systems of the automatic door[s]" plaintiff's injury would not have occurred. No evidence was offered, however, of any specific failing in ACAA's maintenance that had a causal connection to the malfunction.

Record evidence exists supporting the fact that ACAA did not adequately inspect the doors. The owner's manual for the automatic doors explicitly sets forth a detailed daily safety check to be performed by ACAA, and numerous employees testified that these checks were never performed; rather, less extensive and less frequent walk-throughs were done on the subject doors. Plaintiff's expert testified that this failure to properly inspect and maintain the mechanical and electrical systems of the automatic doors led to plaintiff's injury. Although this testimony, in and of itself, is conclusory and insufficient to establish causation, plaintiff successfully invokes the theory of res ipsa loquitur to raise an inference of ACAA's negligence.

Under res ipsa loquitur, a plaintiff must demonstrate that (1) the injury-causing event is one that does not ordinarily occur absent negligence, (2) the instrumentality causing the injury must be exclusively in the defendant's control, and (3) the plaintiff did not contribute to his or her injury (*see Dermatossian v New York City Tr. Auth.*, 67 NY2d at 226-227; *Rondeau v Georgia Pac. Corp.*, 29 AD3d at 1068). Where an accident's actual or specific cause is unknown, the doctrine permits a plaintiff to draw an inference of negligence through the accident's occurrence by considering circumstantial evidence of the defendant's negligence (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 205-206, 211 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d at 226). ACAA asserts that because plaintiff cannot establish that ACAA had exclusive control of the doors, she cannot rely on the doctrine of res ipsa loquitur.

However, "[t]he rigid requirement of 'exclusive control' has been relaxed by application of a more flexible common-sense approach to the doctrine of *res ipsa loquitur*" (*Lindenauer v State of New York*, 45 AD2d 73, 75 [1974], quoting *Corcoran v Banner Super Mkt.*, 19 NY2d 425, 431 [1967]). Plaintiff was "not obligated to eliminate every alternative explanation for the event" (*Kambat v St. Francis Hosp.*, 89 NY2d at 490), but only to "demonstrate that the likelihood of causes other than the defendant's negligence is so reduced that the greater probability lies at defendant's door, rendering it more likely than not that the injury was caused by defendant's negligence" (*Rondeau v Georgia Pac. Corp.*, 29 AD3d at 1069 [internal quotation marks and citations omitted]; *see Dermatossian v New York City Tr. Auth.*, 67 NY2d at 227; *Lindenauer v State of New York*, 45 AD2d at 75).

At the time of plaintiff's accident, ACAA was performing all maintenance and service on the subject doors. Evidence was

also presented demonstrating the unlikelihood that the public could have tampered with the automatic doors as the sensors were at a substantial height at the top of the doors and their functioning could not be altered without special equipment provided by the manufacturer (cf. *Ebanks v New York City Tr. Auth.*, 70 NY2d 621, 623 [1987]; *De Sanctis v Montgomery El. Co.*, 304 AD2d at 938). Based on the foregoing, we conclude that plaintiff successfully raised an issue of fact as to whether the exclusive control element of the res ipsa loquitur doctrine has been satisfied and, accordingly, Supreme Court properly denied ACAA's motion for summary judgment dismissing the complaint.

Mercure, J.P., Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order entered January 6, 2006 is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendant Besam Automated Entrance Systems, Inc. dismissing the cross claims of defendant Albany County Airport Authority; cross motion denied to that extent; and, as so modified, affirmed. Ordered that the order entered February 27, 2007 is affirmed, without costs.