Myrna Alexander et al., Appellants, v Dunlop Tire Corporation, Respondent, et al., Defendants. (Action No. 1.) Natasha Williamson, Appellant, v Dunlop Tire Corporation, Respondent, et al., Defendants. (Action No. 2.) [917 NYS2d 376]—

McCarthy, J. Appeal from an order of the Supreme Court (Tait, J.), entered September 11, 2009 in Broome County, which granted a motion by defendant Dunlop Tire Corporation to exclude plaintiffs' expert and for summary judgment dismissing the complaints against it.

The underlying facts of this appeal stem from an August 2002 single-car rollover accident that occurred on Interstate 81 in Broome County. Three of the plaintiffs in action No. 1 were

injured. A fourth plaintiff is the surviving spouse of a passenger who was killed in the accident. Plaintiff in action No. 2, who was the driver of the vehicle,[1] was also injured. Separate actions were commenced against multiple defendants, including defendant Dunlop Tire Corporation, alleging causes of action including strict liability, breach of warranty and negligence. As is relevant to this appeal, plaintiffs in both actions asserted that the accident was caused by the tread separation failure of the left rear tire, a product manufactured by Dunlop. The two actions were subsequently joined for the purpose of discovery and trial.

Following discovery, Dunlop moved to exclude the testimony of plaintiffs' expert, Robert Ochs, who concluded after a visual and tactile analysis of the tire that the tread separation was due to an adhesion/cohesion failure caused by defects in the manufacturing process. Dunlop claimed that Ochs's conclusions/opinions were unreliable and unsupported by the relevant scientific community. In addition, Dunlop sought summary judgment dismissing the complaints contending that, without Ochs's testimony, plaintiffs could not establish causation and therefore no material issue of fact remained necessitating a trial. Following a *Frye* hearing, Supreme Court excluded Ochs's testimony finding that, although the methodology employed by Ochs—a visual and tactile examination of the tire—is a generally accepted technique to determine causes of tire separation failure, support for his conclusion that the tire failure was due to a manufacturing defect was lacking. Consequently, the court granted Dunlop's summary judgment motion, prompting this appeal.

Initially, the parties agree, as did Supreme Court, that a visual and tactile examination of the tire is a generally accepted method of determining tire tread separation failure. Dunlop argues that Ochs's conclusion is not generally accepted. Based upon the data he collected in his analysis of the tire, Ochs used a process of elimination to rule out the possible causes of tire failure. This process of elimination is not, however, a scientific process or procedure; it is a theory of logic used to reach a legal conclusion. Because Dunlop is not actually challenging a novel scientific procedure, *Frye* is inapplicable here (*see Parker v Mobil Oil Corp.*, 7 NY3d 434, 446 [2006]; *People v Wesley*, 83 NY2d 417, 422 [1994]). Therefore, we review this case under the traditional standards applicable to a motion to preclude evidence and a motion for summary judgment in a products liability case.

A products liability case can be proven without evidence of

---

1. Plaintiff in action No. 2 is also a named defendant in action No. 1.

any particular defect (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). In order to circumstantially prove a claim of defective manufacturing without identifying a specific defect, "a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendant[ ]" (*id.* at 41; *see Peerless Ins. Co. v Ford Motor Co.*, 246 AD2d 949, 949 [1998]). Here, plaintiffs seek to prove that the tire was subject to a manufacturing defect through Ochs's expert testimony based upon his inspection and analysis of the tire. Ochs's experience and expertise in the tire industry field is undisputed. Rather, Dunlop challenges the reliability of Ochs's conclusion that the tread separation resulted from a defect in the manufacturing process.

In inspecting the subject tire, Ochs used the generally accepted methodology of visual and tactile inspection to analyze and determine the potential causes of tread separation failure. Through his examination and evaluation of the data and indicia gleaned therefrom, which Ochs explained during his deposition testimony, he was able to exclude the common potential causes of tread separation failure other than a manufacturing defect— specifically mounting damage, alignment damage, improper repair, improper storage, age of the tire, operation in excess of the tire's speed rating and overdeflection—and set forth his reasoning. In addition, his inspection eliminated all of the possible causes of tread separation as set forth by the Tire Institute of America in its passenger and light truck tire conditions manual. Ochs testified at his deposition that he was unaware of any other industry-recognized causes of tread separation that he had not examined and excluded. Significantly, in response, Dunlop did not identify any additional causes not considered by Ochs. With regard to alternate testing of the tire, such as chemical analysis, Ochs stated that, given the condition and contamination of the tire after that accident, no other meaningful testing could be performed.

Based upon his analysis, evaluation and findings of the condition of the tire following his inspection, as well as his education, experience and training in the tire industry, Ochs found that the data did not support a finding of abuse/misuse of the tire and concluded that the tread separation was, therefore, due to a manufacturing defect[2] which compromised the adhesion/cohesion integrity of the tire. Notably, Dunlop's proffered expert used the same methodology in analyzing the cause of the tire failure, albeit reaching a different conclusion. Dunlop's argu-

---

**2.** The record demonstrates that this is a recognized cause of tire separation failure.

ments on this appeal, such as its contention that there was no textual authority directly on point to support Ochs's opinion, are "relevant only to the weight to be given the testimony, but [do] not preclude its admissibility" (*Zito v Zabarsky*, 28 AD3d 42, 46 [2006]). In view of the foregoing, we find that Ochs's testimony was improperly excluded, inasmuch as there was sufficient foundational evidence to support its admissibility (*see Jackson v Nutmeg Tech., Inc.*, 43 AD3d 599, 600-601 [2007]), and that such evidence raises a triable issue of fact precluding summary judgment.

Spain, Kavanagh and Egan Jr., JJ., concur; Cardona, P.J., not taking part. Ordered that the order is reversed, on the law, with costs, and motion denied.