Elsawi v Saratoga Springs City Sch. Dist. (2020 NY Slip Op 00019)





Elsawi v Saratoga Springs City Sch. Dist.


2020 NY Slip Op 00019


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

528076

[*1]Anisa Montasser Elsawi, Respondent,
v
Saratoga Springs City School District, Appellant.

Calendar Date: November 15, 2019

Before: Egan Jr., J.P., Clark, Devine and Aarons, JJ.


The Mills Law Firm, LLP, Clifton Park (Michelle M. Chester Kulak of counsel), for appellant.
Catherine A. Burkly, Schuylerville (Michael J. Hutter of Powers & Santola, LLP, Albany, of counsel), for respondent.



Clark, J.
Appeals (1) from a judgment of the Supreme Court (Crowell, J.), entered May 25, 2018 in Saratoga County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered July 10, 2018 in Saratoga County, which denied defendant's motion to vacate the judgment.
In May 2011, while rehearsing for an upcoming chorus recital at defendant's Maple Avenue Middle School, plaintiff fell and sustained injuries when the auditorium stage riser upon which she was walking collapsed. Plaintiff [FN1] thereafter commenced this action alleging, among other things, that defendant was negligent in its failure to keep and maintain the risers in a reasonably safe condition. Following joinder of issue and discovery, the parties each moved for summary judgment. Supreme Court denied the motions, but ruled that plaintiff was entitled to a jury charge on the doctrine of res ipsa loquitur. On appeal, this Court upheld Supreme Court's denial of the motions, but held that the res ipsa loquitur ruling was premature (141 AD3d 921, 923 [2016]).
In March 2018, a jury trial was held over five days, at the conclusion of which Supreme Court instructed the jury on the doctrine of res ipsa loquitur. The jury ultimately found that defendant was negligent and that such negligence was a substantial factor in causing plaintiff's injuries and awarded plaintiff damages for past and future pain and suffering and loss of enjoyment of life. Supreme Court subsequently entered a judgment reflecting the jury verdict and award. Defendant thereafter moved, pursuant to CPLR 5015 (a) (2) and (3), to vacate the judgment on the ground that plaintiff "improperly and perhaps willfully" failed to disclose certain material medical records prior to trial. Supreme Court denied the motion, finding that the medical records did not constitute newly discovered evidence and that defendant had failed to come forward with proof to support its claim that plaintiff had purposefully failed to disclose the records. Defendant appeals from both the judgment and the order denying its motion to vacate.
Defendant challenges Supreme Court's determination that plaintiff was entitled to a jury instruction on the doctrine of res ipsa loquitur. Under the doctrine of res ipsa loquitur, where the actual or specific cause of an accident is unknown, a jury is permitted to infer from the very happening of the injurious event and the defendant's relation to it that the accident was the result of negligence (see Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]; Norton v Albany County Airport Auth., 52 AD3d 871, 875 [2008]). To be entitled to a res ipsa loquitur jury charge, a plaintiff must establish (1) that the injurious event is "of a kind that ordinarily does not occur in the absence of someone's negligence," (2) that the event was "caused by an agency or instrumentality within the exclusive control of the defendant" and (3) that the event was not "due to any voluntary action or contribution on the part of the plaintiff" (Kambat v St. Francis Hosp., 89 NY2d at 494; see Brumberg v Cipriani USA, Inc., 110 AD3d 1198, 1200 [2013]).
We agree with Supreme Court that plaintiff's proof satisfied the requisite three conditions here, thereby entitling her to a res ipsa loquitur jury charge. With respect to the first and third requirements, the trial evidence established that, without any voluntary act or contribution on the part of plaintiff, a certain riser collapsed as plaintiff and several of her classmates were rehearsing their procession onto the auditorium stage risers owned by defendant and assembled by its personnel some 11 days earlier. In our view, a jury could reasonably conclude that the collapse of a stage riser being put to its intended use qualifies as an event that would not ordinarily occur in the absence of negligence (see Finocchio v Crest Hollow Club at Woodbury, 184 AD2d 491, 492-493 [1992]; see generally Kambat v St. Francis Hosp., 89 NY2d at 495). Although plaintiff sought to rely on the doctrine of res ipsa loquitur, which does not require her to establish the actual or specific cause of the accident (see Abbott v Page Airways, 23 NY2d 502, 512-513 [1969]), she nevertheless proffered expert testimony demonstrating that the collapse was most likely caused by a flaring of the riser's locking mechanism, a condition caused by "wear and tear" and which allegedly could have been discovered with proper inspection and maintenance. Contrary to defendant's contention, plaintiff's proffer of this specific expert evidence of negligence did not preclude her from also relying on the doctrine of res ipsa loquitur (see Abbott v Page Airways, 23 NY2d at 512-513).
As to the second requirement, plaintiff presented evidence demonstrating that the stage risers were within defendant's exclusive control. The evidence established that the auditorium was locked whenever it was not in use and that defendant's agents exclusively assembled, disassembled, maintained and repaired the risers. Defendant generally argued that the riser's locking mechanism could have been intentionally disengaged by a student or some other person who had access to the auditorium during events. However, defendant did not offer any relevant proof regarding that claim, and plaintiff's expert opined that this possibility was "highly unlikely" under the circumstances because the vandal would have had to achieve the appropriate level of disengagement to allow some students to climb upon the riser prior to its failure. Significantly, plaintiff was not required to "conclusively eliminate the possibility" that someone intentionally disengaged the locking mechanism (Kambat v St. Francis Hosp., 89 NY2d at 494; see Norton v Albany County Airport Auth., 52 AD3d at 875). Rather, all that was required was that the likelihood of an intentional act "be so reduced that the greater probability lies at defendant's door" (Kambat v St. Francis Hosp., 89 NY2d at 495 [internal quotation marks and citation omitted]; see Norton v Albany County Airport Auth., 52 AD3d at 875). We are satisfied that plaintiff's proof made that showing here. Accordingly, as plaintiff established her entitlement to a res ipsa loquitur charge, Supreme Court properly instructed the jury on that doctrine.
We are unpersuaded by defendant's remaining trial-related arguments. Briefly, upon examination of the record evidence and Supreme Court's jury charge, we find no error in the wording of question one of the jury verdict sheet (see Wheeler v Citizens Telecom. Co. of N.Y., Inc., 18 AD3d 1002, 1005 [2005]; Smith v Taylor, 304 AD2d 902, 903 [2003]). Nor do we discern any error or abuse of discretion in Supreme Court's determination to admit certain expert testimony relating to plaintiff's future damages (compare Duffen v State of New York, 245 AD2d 653, 654 [1997], lv denied 91 NY2d 810 [1998]).
We further uphold Supreme Court's denial of defendant's motion to vacate the judgment. "A motion which seeks to vacate a judgment pursuant to CPLR 5015 (a) is addressed to the sound discretion of the court, and will not be disturbed absent a clear abuse of that discretion" (Solomon v Solomon, 27 AD3d 988, 989 [2006] [citations omitted]; accord ALBANY, FSB v Dashnaw, 37 AD3d 932, 934 [2007]). Under CPLR 5015 (a) (2), "[t]he court which rendered a judgment . . . may relieve a party from it" where there is "newly-discovered evidence which, if introduced at the trial, would probably have produced a different result and which could not have been discovered in time to move for a new trial under [CPLR] 4404." Additionally, under CPLR 5015 (a) (3), the court may relieve a party from a judgment where there is "fraud, misrepresentation, or other misconduct of an adverse party."
The alleged newly discovered evidence relied upon by defendant in support of its motion consists of medical records, received roughly two months after the conclusion of the trial, from an orthopedic surgeon who examined plaintiff on one occasion in August 2015. The record reflects that, although plaintiff did not timely disclose her examination by this particular orthopedic surgeon as required, defendant learned of the examination roughly one week before trial. The record establishes that defendant immediately requested and received before trial an authorization to obtain plaintiff's medical records from the orthopedic surgeon, but made no effort to raise the issue with Supreme Court to secure procurement of the records prior to trial. We agree with Supreme Court that, under these circumstances, where the existence of the medical records was known and where the records could have been obtained prior to trial with due diligence, the records do not constitute newly discovered evidence (see Creech v Rufa, 101 AD3d 1224, 1226-1227 [2012]; Maddux v Schur, 53 AD3d 738, 739 [2008]). Accordingly, Supreme Court properly determined that defendant was not entitled to vacatur of the judgment under CPLR 5015 (a) (2).
As for defendant's allegation of willful nondisclosure, we agree with Supreme Court that defendant did not support its claim with sufficient evidence. Although defendant identified several instances wherein plaintiff could and should have notified defendant of the examination and attendant medical records, there was no evidence of intentional or willful nondisclosure by plaintiff or her counsel. The record demonstrated that plaintiff's August 2015 examination by the orthopedic surgeon took place after her deposition, but before her February 2018 supplemental deposition. When asked at that supplemental deposition whether she had treated with any additional health care providers, plaintiff answered, "Not that I can remember." Supreme Court found it entirely feasible that the then-20-year-old plaintiff forgot the single medical examination by the orthopedic surgeon, and, in the absence of any evidence of willfulness, we discern no abuse of discretion in this finding. Moreover, as Supreme Court pointed out, plaintiff promptly provided the necessary authorization to allow defendant access to the medical records as soon as she was made aware of her omission. Under all of these circumstances, Supreme Court did not abuse its discretion in concluding that vacatur of the judgment under CPLR 5015 (a) (3) was not warranted. Accordingly, we affirm both the judgment and order from which defendant appeals.
To the extent that we have not addressed any of defendant's arguments, such arguments have been reviewed and found to be without merit.
Egan Jr., J.P., Devine and Aarons, JJ., concur.
ORDERED that the judgment and order are affirmed, with costs.



Footnotes

Footnote 1: Plaintiff's parents initially commenced this negligence action on her behalf and asserted a derivative claim. However, prior to trial, after plaintiff reached the age of majority, her parents withdrew their derivative claim and the caption was amended to reflect that plaintiff was proceeding on her own behalf.